The Chicago and Alton Railroad Company

*v.*

Mary E. Michie, Admx.

1. Pleading and evidence—*must correspond.* To entitle a party suing, to recover in an action, he must allege the facts on which his claim to a recovery is based, and these facts must be proved. In other words, the allegations and proofs must correspond.

2. In a suit against a railway company to recover for the death of plaintiff's intestate, where the declaration alleges that deceased was a passenger on defendant's train when the accident occurred causing his death, and was being carried for hire, or was on the train by request of the company, and there was no proof that he was a passenger paying his fare, or went upon the train as a passenger, but, on the contrary, the proof showed he was upon the engine wrongfully, in express violation of the rules of the company, no recovery can be had.

3. Negligence—*liability of railroad company for the death of one wrongfully riding on engine.* Where a person, through stealth, wrongfully gets upon an engine of a railway company, without the consent of any officer or agent, and in violation of the rules of the company, of which he has knowledge, for the purpose of being carried without the payment of fare, and he is killed by a collision, the company will not be liable in damages to his personal representative.

4. Railroads — *liability as carriers of passengers.* Where a carrier undertakes to carry a person, either with or without reward, he is obliged to use proper care and diligence to carry safely, and for a neglect he will be responsible.

5. Same—*power of engine driver to permit persons to ride on engine.* The engine-driver of a railway company has no authority or right to say who shall be upon the train, or give permission to any one to ride upon his engine against the rules of the company. The conductor, having control of the train, might, perhaps, give such permission; and if he knows that a party is so riding on the engine, and suffers him to remain, his act may be considered that of the company.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. C. Beckwith, and Messrs. Monroe, Bisbee & Ball, for the appellant.

Mr. Gideon L. Barber, and Mr. Robt. Hervey, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action on the case, brought to the Superior Court of Cook county, by Mary E. Michie, administratrix on the estate of her husband, Joseph B. Michie, plaintiff, and against the Chicago and Alton Railroad Company, defendant, to recover damages for the death of her husband, occasioned, as alleged, by the negligence of the defendant, the deceased being a passenger on defendant's train.

The cause was tried by a jury, and a verdict rendered for five thousand dollars, which the court refused to set aside, but rendered judgment on it, to reverse which the defendant appeals.

The declaration contains five counts, the first alleging deceased became a passenger upon defendant's road, to be carried from Chicago to St. Louis, for certain fare paid to the defendant, alleging the duty of defendant to carry safely.

The second count alleges the payment of fare, the relation of carrier and passenger, and the death by negligence, without the fault of deceased.

The third and fourth counts are, in substance, the same as the second count, whilst the fifth is like the first, omitting the allegation of payment of fare.

Upon the trial of the cause, against the objection of defendant, there was a sixth count added, averring, substantially, that the deceased went upon a passenger train of the defendant, at the special instance and request of the defendant, to be carried thereon from Chicago to St. Louis, alleging the duty to carry safely, etc., and averring that the defendant not regarding its duty, etc., said train was run into and obstructed, and greatly demolished and injured by a certain freight train of said company, by means whereof said J. B. Michie, without fault, etc., was killed.

It is a familiar principle, to entitle a party suing, to recover in the action, he must allege the facts on which his claim to a recovery is based, and these facts must be proved. In other words, the allegations and proofs must correspond.

In applying the proofs, in this record, to the allegations in the several counts of the declaration, we find no correspondence. There is no proof the deceased was a passenger on the train paying his fare, and none that he went upon the train, as a passenger or otherwise, at the instance and request of the company, or of any officer or agent of the company possessed of authority to make such request. The proof is clear deceased was on the train, not as a passenger paying or ready to pay his fare, if demanded, but was furtively riding upon the engine in express violation of the rules of the company, and which, from his experience of twenty years as an engine-driver, he knew was the rule of all well regulated railroad companies, with several of which he had been connected, and so riding to escape the payment of the regular fare.

The rule of this company, and of all others, as we understand the testimony, in this respect, then was, that no person except the road masters on their own divisions, or the conductor of the train, will be allowed to ride on an engine or tender without the permission of the superintendent or master mechanic. This was substantially the rule of the Mobile and

Ohio Railroad Company, for which deceased had worked as an engine-driver some years, and it is a fair presumption he knew that was the rule of this road. He was told by O'Neil, the driver of appellant's engine, when application was made to him for a ride, whose sympathies he thought to excite by informing him he was an engine-driver, and "had been branch'd off on some road south, and wanted to go to St. Louis, that he did not know he could get him there, as they were very strict on the road, and were issuing no passes." Instead of being a passenger on the train, with the consent of the carrier, as alleged in the declaration, and as argued by counsel, the proof tends to show he induced O'Neil to violate instructions and the rigid rule of the company, and with his consent alone, given without any authority, but in violation of his duty, and presumably so known to the deceased, he rode on the engine. The relation of carrier and passenger did not exist in this case by any agreement, express or implied. We do not question the doctrine, where a carrier undertakes to carry, either with or without reward, he is obliged to use proper care and diligence to carry safely—nay, he must use the greatest care and diligence.

Much is said by appellee about comparative negligence and contributory negligence. Such arguments have no place in this case. The sole question is, as appellee has stated it in the declaration, was deceased a passenger on this train, or was he on the train at the instance and request of appellant? That he was not a passenger, and that he was on the train furtively, and in violation of the rules of the company, the evidence places beyond a doubt. The permission of the engine-driver, if given, was not the permission of the company, as he had no power to give it. Had the conductor of the train given the permission, or, knowing the deceased was upon the engine, suffered him there to remain, it might be considered the act of the company, as the conductor has control of the entire train, and his act is rightfully regarded as the act of the company, and the authorities cited by appellee on this point might be applicable. The driver of the engine occupies a different

and a very subordinate position. He has no right to say who shall be upon the train, or to take cognizance of such as. may be upon it. He is to look to his engine, and keep it in order, and permit no one to ride upon it without the permission of his superior.

The proofs in this case show· that deceased was on the engine of this train, where he had no right to be, and by stealth, having, by some means, induced the driver to violate an established rule of the company,—the deceased, from his long experience in the same capacity, having reason to know the existence of such a rule, and that it was a rule of the company in whose service he had been recently employed. To hold the company liable for the death of this man, under these circumstances, would not be just. Deceased, in going upon the engine in the manner he did, willingly took his chances of just such an accident as did happen, and for the consequences of which appellant is not responsible. Being on the engine by stealth, the company were under no obligations to him. See *Toledo, Wabash and Western Railway Co.* v. *Brooks, Admx.* 81 Ill. 245.

The judgment is reversed. The cause will not be remanded, as, in our opinion, appellee has no cause of action.

*Judgment reversed.*