Chicago, Rock Island & Pacific Railway Company

v.

Alban Koehler, by Next Friend, etc.

*Railroads—Negligence—Personal Injuries—Passenger—Failure to Stop Freight Train.*

I.  In case of a wrongful failure and refusal to stop a railroad train, a party injured thereby may recover all such damage as he might suffer by reason of that act.

2.  Acts touching the assisting of passengers upon and from trains are not within the apparent scope of the powers of a station agent. Their duties do not authorize any inference upon the part of the public that

they are authorized to give directions to passengers in getting on or off cars.

3. Persons are presumed to have knowledge of the law prohibiting boarding and disembarking from trains while in motion.

4. A person can not recover for any injury occasioned by negligence merely which would have been avoided by the exercise of ordinary care on his part.

4. While a plaintiff, who is in the exercise of ordinary care, may be guilty of slight negligence, a want of ordinary care on his part would constitute such negligence as would preclude a recovery.

6. In an action brought to recover for personal injuries alleged to have been occasioned through obeying the instruction of a station agent directing plaintiff to board a moving freight train, this court holds that such direction was not within the real or apparent scope of the authority of such agent, and that the judgment for the plaintiff can not stand.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of La Salle County; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. THOMAS S. WRIGHT, ROBERT MATHER and G. S. & E. ELDREDGE, for appellant.

Mr. M. T. MOLONEY, for appellee.

MR. JUSTICE CARTWRIGHT. Alban Koehler, a young man eighteen years old, received an injury to his foot while he was attempting to get on a moving freight train of the Chicago, Rock Island & Pacific Ry. Co., and brought this suit. by his next friend to recover damages for such injury. The declaration averred the purchase of a ticket by the plaintiff and his intention to become a passenger, and charged that defendant failed and refused to stop its freight train at the depot, but kept it in motion; and that an agent, who was alleged to have been then and there the ticket agent of defendant, directed and ordered plaintiff to jump on and get aboard of said moving train, which he attempted, because of such direction and order, and was injured. It was charged that defendant was guilty of negligence in not stopping the train, and in the direction and order given by

the ticket agent, and it was averred that plaintiff was in the exercise of ordinary care.   There was a trial resulting in a verdict for plaintiff for $2,700, from which $1,000 was remitted; and the court, after overruling a motion for a new trial, entered judgment for $1,700.

With respect to the charge of negligence in not stopping the train, it will be observed that the injury and damage alleged in the declaration did not result from the act of failing or refusing to stop the train as a proximate cause of such damage.   If there was a wrongful failure and refusal to stop the train, a party injured thereby might recover all such damage as he might suffer by reason of that act by which he would be prevented from taking passage on that train.   No such damage was alleged, but it was averred that plaintiff attempted to get on the moving train by reason of an order and direction of the ticket agent, and the injury resulted from such attempt being made while the train was in motion.   The only act which could connect the defendant with the injury as an effi cient cause of it was the alleged order and direction of the ticket agent.

Whether such an order and direction was given was in dispute at the trial, but inasmuch as the jury found for plaintiff, the fact that it was given may be regarded as settled by the verdict.   Plaintiff's version of what occurred on the occasion may therefore be taken as true.   He testified that he went to the station with a companion on the morning of June 6, 1889, intending to go to Depue to load ice into barges; that they found Frank Haas there attending to the station work and bought tickets of him and asked him whether or not a freight train would stop there on which they could ride to Depue; that Haas said that the train would be there soon and further said, "If she don't stop we will make her stop;" that when the train was approaching Haas said, "The way it looks she won't stop;" that plaintiff said, "I don't believe she will stop," and Haas again said, "If she don't stop we will make her stop," and held up two fingers toward the approaching train; that Haas then said, "I don't believe that she will stop," and

told one of the boys to go east and another west and jump; that Haas asked for plaintiff's bundle and took it to throw to him when he should get on; and that plaintiff made the attempt and caught hold of the railings at the front steps of the caboose, but slipped and fell under the car and was hurt. The evidence was that Haas was selling tickets and doing the ordinary work of an agent about the station, and that the freight train was one that did not carry passengers.

Assuming that Haas told the boys to separate along the platform and jump on the train, and that such direction was negligently given, it would be necessary in order to fix liability upon the defendant that such direction should be within the real or apparent scope of the authority of Haas, as agent. The order must have been given under authority of the company, either expressly conferred upon Haas or fairly implied from the nature of his employment and the duties incident to such employment. There is no claim and can be none that the company had in fact authorized Haas to give such an order, or to act in a matter of that kind at all. The act directed was expressly prohibited by the company by a notice posted in plain view of all the parties who were present. It must therefore be shown to be an act done in the performance of a service which the public would have a right, from the nature and circumstances of the employment, to infer that the company had employed him to perform. C. B. & Q. R. R. Co. v. Casey, 9 Ill. App. 632; C. & A. R. R. Co v. Michie, 83 Ill. 427; C. M. & St. P. Ry. Co. v.. West, 125 Ill. 322; Cooley on Torts, 535.

It is a matter of common observation that agents and employes at railroad stations do not take part in the work of putting passengers upon trains. In their relation with the public they sell tickets, check and handle baggage, putting it on and taking it off from trains, furnish information concerning trains and rates of fare and freight, signal trains which stop only by signal for passengers and perform other like services; but they are not found helping passengers on or off from trains or giving orders on those subjects. The

care of the public in their relation as passengers to trains running upon railroads are not committed to station agents, but to those who control and operate the trains. Any assistance or direction in getting upon trains comes from brakemen or other employes in the train service. Acts in that department of the passenger service are not within the apparent scope of the powers of a station agent. The duties usually performed by agents of the same class as Haas do not authorize any inference on the part of the public that they are authorized to give directions to passengers in getting on or off cars. The evidence therefore failed to fix any liability upon defendant for the act of Haas. In this instance a notice had been posted which was designed to prevent persons from getting on cars while in motion, and which would show that the agent had no authority to authorize it. The notice was on the side of the depot, in the form of a sign fourteen inches long and about ten inches wide, which read: "Chicago, Rock Island and Pacific Railway. Notice: Getting on and off trains while in motion is always dangerous, and is prohibited under all circumstances. E. St. John, Manager." Plaintiff was around that place for some time before the train arrived and he testified that he might have seen the notice, but could not tell whether he did or not and paid no attention to it. Whether he saw the notice or not it was negligent in him to attempt an act so obviously dangerous as attempting to get upon the moving train, although he was advised to do so by Haas. There was no right of control or direction on the part of Haas, and plaintiff owed no duty of obedience to his directions. He was left at perfect liberty to refuse to obey the direction without any evil consequences to himself resulting from disobedience. There was no compulsion and no force used or threatened, and it is not claimed that plaintiff was not old enough to know better than to make the attempt. He had arrived at years of discretion and was responsible for his own acts. A person of ordinary prudence under like circumstances, when there was no exigency or compulsion or anything to prevent the use

of discretion, would not have attempted to get on the moving train. The act was also prohibited by a statute, of which he is presumed to have had knowledge. Rev. Stat., Chap. 114, p. 79.

The first instruction for plaintiff is objected to. It appears to be according to the formula prescribed for an instruction on the rule of comparative negligence as we understand it, but it has the following addition : " Ordinary care .is such as reasonably prudent persons would generally take under ike circumstances, and want of such care would not be slight negligence on the part of plaintiff." This was the only attempt made in the instructions to define ordinary care or negligence and on the subject of negligence it was not correct. Plaintiff could not recover for any injury occasioned by negligence merely which would have been avoided by the exercise of ordinary care on his part. Abend v. T. H. & I. R. R. Co.. 111 Ill. 202.

It is held that a plaintiff who is in the exercise of ordinary care may be guilty of slight negligence, but a want of ordinary care on his part would constitute such negligence as would preclude a recovery. If plaintiff fell below the standard of ordinary care his negligence must necessarily be of a higher degree and embrace slight negligence, because ordinary care does not exclude the idea of slight negligence, and if he exerc sed ordinary care he observed all the care the law required of him and was not guilty of any negligence that would bar a recovery. Calumet Iron & Steel Co. v. Martin, 115 Ill. 358.

The evidence failed to establish negligence on the part of appellant or ordinary care on the part of appellee, but proved that the injury to appellee was due to his own negligence. The judgment will be reversed.

*Judgment reversed.*

Finding of facts to be incorporated in judgment.

We find that the defendant, the Chicago, Rock Island & Pacific Railway Company, was not guilty of any or either of the acts of negligence alleged in the declaration; that the plaintiff Alban Koehler was guilty of negligence which

caused the injury and damage in said declaration mentioned; that said Alban Koehler was not at the time of such injury in the exercise of ordinary care for his safety, and that there is no evidence tending to prove that said defendant was guilty of any or either of said acts of negligence charged in said declaration.