## RAILROAD v. BOGLE.

### (*Jackson.* April 16, 1898.)

COMMON CARRIER. *Passenger's rights.*

A passenger, who, in a fancied emergency, mounts the engine to prevent his being left behind by the train, loses his right to that high degree of care that the law accords to passengers riding in the coaches, and can claim nothing more than protection from injury by the wilful, wanton, or intentional act of the carrier and its employes.

Cases cited: Railroad v. Wilson, 88 Tenn., 316; Railroad v. Meacham, 91 Tenn., 428; Railroad v. Hailey, 94 Tenn., 383.

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson County. JOHN R. BOND, J.

C. G. BOND and R. P. RAINES for Railroad.

W. S. COULTER and DEASON & RANKIN for Bogle.

BEARD, J. This action was brought for personal injuries sustained by defendant in error, and resulting, as is alleged, from the negligence of the plaintiff in error.

The facts, so far as is necessary to state them, are that Bogle shipped by this railroad a carload of

stock from Kenton, in this State, to East St. Louis. Attached to this train, of which this car formed a part, was a caboose for the use of the conductor, and of such parties who, as did the defendant in error, accompanied their stock, to look after and take care of them. At a station in Illinois the train took a siding, in order to open up the main line for the regular passenger train going south. Immediately upon its stoppage, Bogle left the caboose and went forward to the car containing his stock, to give them such attention as was necessary. While so engaged, the passenger train passed, and at once the stock train began to move backward to the main track, in order to resume its journey, and in a few minutes had straightened out on this line. Just as the engine cleared the switch, and was in the act of moving forward, Bogle reached its side, and believing that if he waited until the caboose reached the point where he then stood the train would have attained a speed which would make it dangerous for him to attempt to board it, and unwilling to be left, he ascended the engine. When he reached the cab, where the engineer stood at his post of duty, he explained to him why he had come upon the engine, and he says, in reply, the engineer told him to get off, as the train would be stopped at the water tank, just above that point, and he could then get in the caboose; that, regarding this as a positive command, he instantly obeyed; that in descending, to use his own words, he " didn't give the right

step, or something of that kind," and he fell to the ground, breaking one of the bones of his wrist. At the time of his descent the train was slightly in motion, and the defendant in error supposed he could safely dismount. The proof indicates that the train did go but a little distance beyond the point of the accident, when the engine was stopped at the water tank, and the caboose was located near the place where the injury occurred.

This is a sufficient statement of facts to raise the assignment of error mainly relied on for a reversal of this case. Upon these facts, there was a direct issue as to the measure of duty which the railroad owed the defendant in error. The latter insisted, that under the circumstances, he was warranted in getting on the engine, and while there, the road was bound to exercise the same degree of care for his safety that was due any other of its passengers; while the railroad's contention was, that Bogle having voluntarily abandoned the caboose prepared for passengers, and, without invitation, command, or direction, mounted to a perilous place on the engine, the passenger relation for the time being was broken or suspended, and the railroad was not responsible for an injury received by him as a consequence of this unwarranted act, unless the injury was the result of a wanton wrong on the part of its employes. This view of the law on this point was submitted by counsel of the railroad company in the form of a special request, which was as follows:

Railroad *v.* Bogle.

"If you find that plaintiff was on the train in charge of stock, and you find the company had a caboose where persons in charge of stock were to ride, and you find that when the train arrived at Mill Creek, Ill., it took the siding, and plaintiff got out of the caboose and went forward to look after or about his stock, and you find that he got on the engine without permission or direction of any one in charge of said train, then I charge you he was on the engine wrongfully, and no recovery can be had, except for wilful, wanton, or intentional injury by the defendant or its employes."

This was refused, and the reverse of this proposition was given in charge to the jury. In this the trial Judge committed error.

It is in evidence that a rule of the company forbade persons other than the engineer and fireman from riding on the engine, and while the record does not disclose that this rule was brought to the knowledge of Bogle, yet it does show he was an experienced traveler, and he was bound to know that a locomotive was unprepared and unfit for a passenger. It is at all times the most exposed and perilous portion of the train. In addition, the cab upon it is constructed for the use alone of those employes upon whom rests the grave responsibility of keeping a safe lookout, and at the same time directing the movement of the train. When, therefore, the defendant in error mounted the engine, although he did so in a case of fancied emergency, yet he

abandoned the place where the duty of utmost care was due him, and took a position where the only obligation of the railroad was to protect. him from injury wantonly inflicted by its employes.    For illustration of this rule, we refer to 2 Rap. & Mack R. R. Dig., p. 313, Sec. 21; pp. 328, 329, Sec. 60; p. 444, Sec. 351; p. 496, Sec. 459; *Byers* v. *Railroad Company*, 2 Am. Ry. Cases, 4; *Aufenberg* v. *Railroad Company*, 3 A. & E. R. R. C. (N. S.), 323; *Railroad Company* v. *Mickie*, 83 Ill., 427; Hutchinson on Carriers, Secs. 554, 590; *Railroad Company* v. *Wilson*, 4 Pickle, 316; *Railroad Company* v. *Meacham*, 7 Pickle, 428; *Railroad Company* v. *Hailey*, 10 Pickle, 383.

The judgment is reversed and the case is re manded for a new trial.