[No. 13126.   Department Two.   February 17, 1916.]

CHARLES SALLY, *Appellant*, v. WHITNEY COMPANY, *Respondent*.[1]

ADJOINING LANDOWNERS — NEGLIGENCE — COLLECTING DEBRIS AND WATER AGAINST BRICK WALL—LIABILITY.   The builder of a structure adjoining plaintiff's building, who allowed mortar and debris to choke a long and narrow space between the buildings on plaintiff's land, is liable for the damages resulting when the normal rainfall in the winter season saturated the debris until the collected water oozed through plaintiff's brick wall and injured the wainscoting inside.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 9, 1915, upon findings in favor of the defendant, in an action in tort.   Reversed.

*Vanderveer & Cummings*, for appellant.

*George R. Biddle*, for respondent.   ·

BAUSMAN, J.—Plaintiff sues in damages the builder of a structure adjoining his own, who allowed mortar and other debris to choke a long and very narrow space lying between the two and belonging to the land on which plaintiff's building rested.   In the following season the ordinary rainfall saturated this debris until the absorbed or collected water oozed through plaintiff's common brick wall, twelve inches in thickness, and injured the wainscoting inside.

Liability in tort, exceeding that of contract, cannot safely be defined.   Each case must be decided upon its own facts.   On the one hand, the law does not wish to punish too severely the careless man; on the other, it is he that is at fault in some degree when the damaged party may not be at fault at all.   The former must not, accordingly, expect easy limitations.   And the law holds him liable in two classes of consequences from his fault, one where purely physical or natural causes set in motion go beyond what ordinarily follows,

[1]Reported in 154 Pac. 1089.

and second, where an intervening cause appears in an unexpected meddler who makes things worse.

In *Eskildsen v. Seattle*, 29 Wash. 583, 589, 70 Pac. 64, we quoted with approval the Lord Chief Justice's statement of the law in *Byrne v. Wilson*, 15 Irish C. L. 332, that the tortfeasor's liability is "not only for the immediate consequences of his negligence, but also for the resulting consequences of his acts, whether those acts are acts of violence, or of negligence in breach of a duty."

This he held applicable where a defendant stagedriver's negligence tipped the coach into a canal lock, and yet no injury would have come to plaintiff save for the blunder of a lockkeeper who turned in the water. In *Akin v. Bradley Eng. & Mach. Co.*, 48 Wash. 97, 92 Pac. 903, 14 L. R. A. (N. S.) 586, we applied the same doctrine with more rigor to him who left dynamite in a field where a child chanced to come upon and blast it. There we expressed the view that the child's exploding a piece of this dynamite by means of a dry battery which he obtained was not too remote a consequence to be answered for under the rule, though we then put the rule in these words:

"Where a negligent act or omission sets in operation a train of occurrences resulting naturally in the injury complained of, such negligent act or omission is deemed to have been the proximate cause, or to have contributed thereto."

In the *Eskildsen* case, Seattle was held liable for injuries to a boy who, when his foot was caught in a defective street, was run over by a negligently operated locomotive of a railway company, and this decision was approved as upholding proximate cause in another case (*Thoresen v. St. Paul & Tacoma Lumber Co.*, 73 Wash. 99, 131 Pac. 645, 132 Pac. 860), where, under different facts, a third person's negligence contributed to the ultimate mischief.

Here the result came of a succession of physical causes naturally convening. Sooner or later this choking must have some effect on the wall, if not in one season, then in two

or three or more.   This is not, let it be remembered, a case of unprecedented rains, for the lower court expressly found the rainfall to have been normal.   Now the builder is presumed to have known that this debris would absorb and obstruct rain; that in this climate rain in considerable quantities must fall, and that rain stopped and collected against a wall must tend to soak into or through it.   That it would probably soak through a three-inch wall the builder would have to admit, and the most he can say is that he did not believe that it would ever penetrate a twelve-inch wall.   In short, defendant but debates degree.   He has set in conjunction two natural forces and merely argues that he did not think they would go so far.   He must respond to the consequence. It was he who was in fault, not the plaintiff; and he must make, at his own peril, estimates as to the effect of natural forces set in motion.   He is in a far poorer position to complain than if he were held liable for the capricious or unexpected act of a third person.

Allowing to the findings of the lower court all proper presumptions of fact, we are nevertheless of opinion that it was in error.   The judgment is reversed, with instructions to enter one in favor of plaintiff for his ascertained damages, $1,011.85.

MORRIS, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.