[No. 13756.  Department Two.  June 4, 1917.]

MARTIN GRUBER, *Respondent*, v. CATER TRANSFER COMPANY, *Appellant*.[1]

CARRIERS—OF GOODS—INJURY TO LICENSEE—AUTHORITY OF DRIVER—PRESUMPTIONS—LIABILITY. The presumption is that the driver of a truck, not intended for passengers and ordered by plaintiff for the transportation of goods, has no authority to permit plaintiff to ride, and the owner is not liable to plaintiff for injuries received while riding on the truck by permission of the driver, without authority, in the absence of evidence of gross negligence or of wantonly causing plaintiff's injury.

SAME—INVITATION TO RIDE—AUTHORITY—CUSTOM—EVIDENCE. Evidence that one of defendant's drivers of horse drawn trucks allowed others to ride upon the seat, is not evidence of a custom to allow persons to ride in the back part of defendant's automobile truck.

Appeal from a judgment of the superior court for Spokane county, French, J., entered April 20, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a licensee through falling from a motor truck. Reversed.

*Smith & Mack*, for appellant.

*Roche & Onstine*, for respondent.

PARKER, J.—The plaintiff, Gruber, seeks recovery of damages for personal injuries which he alleges he received from

[1]Reported in 165 Pac. 491.

the negligence of the defendant transfer company in the operation of one of its transfer automobile trucks while he was riding thereon by consent of the driver thereof. Trial in the superior court sitting with a jury resulted in verdict and judgment in favor of the plaintiff, awarding him damages, from which the defendant has appealed to this court.

Appellant is a corporation engaged in the transfer business in the city of Spokane, using both automobile and horse drawn trucks in its business. It apparently is not engaged at all in the carrying of passengers. In any event, the automobile truck here in question was in no sense a passenger carrying vehicle nor intended to be used as such, as its appearance plainly so indicated. About nine o'clock in the morning on April 9, 1915, respondent called the office of appellant by telephone and arranged for it to send a moving truck to his residence to move some trunks and household goods to another part of the city some blocks distant. The contract thus made plainly did not contemplate the transportation of respondent himself. Appellant sent an automobile truck with two of its employees in charge to respondent's residence, when it was loaded with the goods respondent desired transferred, the employees being informed of the place where the goods were to be taken. The employees were very familiar with the city and needed no one to go along and show them the way. The goods being loaded and the truck ready to start upon its journey, respondent said to the driver: "Hadn't I better go up and show you where to put that stuff?" The driver replied: "Yes," "All right," or "Come on." Respondent himself gave these different versions of what the driver then said to him. The driver and the other employee of appellant occupied the seat on the front of the truck, leaving no room for another person to ride there. The sides of the body of the truck were some eighteen inches high. The rear end gate was down. A small trunk was on the floor of the truck a foot or two from the

rear end. Respondent sat down upon this trunk, facing the rear. The truck then proceeded upon its way, and while passing over a crossing raised somewhat above the level of the roadway, respondent was thrown or fell out, striking upon his head and shoulders, and causing the injuries for which he here seeks recovery. He claims that he was thrown out as the result of the reckless driving of the truck by appellant's employee. We think no statement of the facts can be made from the record before us more favorable to respondent's contentions than this summary. Indeed, it is respondent's own version, in substance, of the facts.

Appellant, by timely and appropriate motions made upon the trial of the case, challenged the sufficiency of the evidence to warrant any recovery against it, whatever the negligence of the driver may have been; the principal argument being that respondent was not upon the truck with the knowledge or consent of appellant, and that the driver had no real or apparent authority from appellant to consent to respondent being upon the truck as he was. The refusal of the trial court to so rule, as a matter of law, is the principal claimed error here relied upon.

It seems to us that the proper disposition of this case is controlled by our decision in *Fischer v. Columbia & Puget Sound R. Co.*, 52 Wash. 642, 100 Pac. 1005. In that case, the plaintiff contemplated becoming a passenger upon a freight train of the defendant company to which there was a caboose attached for the carrying of passengers. It was a long train and plaintiff was near the front end, and it seemed doubtful whether he would be able to walk back to the caboose before the train started. The engineer, noticing this situation, told the plaintiff to get on the engine and ride. The plaintiff did so, and, because of defective brakes, the crew lost control of the train, resulting in plaintiff's injury, which would not have occurred had the plaintiff been riding in the caboose which was provided for passengers. It was held,

as a matter of law, that the company was not liable, because the plaintiff was not upon the engine by consent of the company or any of its agents who had authority to invite him to ride there, and no facts were shown pointing to any real or apparent authority on the part of the engineer to invite the plaintiff to ride there, so that the authority of the engineer in that respect could not become a question for the jury. Judge Gose, speaking for the court, quoted with approval the general rule as stated in *Waterbury v. New York etc. R. Co.*, 17 Fed. 671, as follows:

"Undoubtedly the presumption of law is that persons riding upon a train of a railroad carrier, which are palpably not designed for the transportation of persons, are not lawfully there. And if they are permitted to be there by the consent of the carrier's employees, the presumption is against the authority of the employees to bind the carriers by such consent."

In the decision so quoted from, however, the question of implied authority of the engineer to invite the plaintiff to ride upon the engine was, because of the plaintiff's being a shipper of stock on the train and certain proof of custom introduced in evidence, held proper to be left for the jury to decide. After citing and reviewing a number of authorities, Judge Gose concluded the opinion of the court as follows:

"We conclude, therefore, that the engineer, in inviting the appellant to get onto the engine, did not act within the real or apparent scope of his authority, that the appellant was required to take notice of this fact, that the appellant was not a passenger, that the company owed him no affirmative duty, and that he cannot recover."

It seems to us that the presumption is equally strong in this case that appellant's driver did not have authority to invite or permit respondent to ride upon the truck, especially in the position in which he did ride. Nothing could seem plainer than that the nature of the truck and the purpose for which it was being used would tell respondent that appellant never

contemplated persons, other than its employees, riding thereon, and we think there is no evidence in the record which tends to affirmatively show to the contrary. Among the decisions cited and reviewed by Judge Gose in that opinion as lending support to the conclusion reached, are: *Chicago etc. R. Co. v. Michie*, 83 Ill. 427; *Atchison etc. R. Co. v. Johnson*, 3 Okl. 41, 41 Pac. 641; *Flower v. Pennsylvania R. Co.*, 69 Pa. St. 210, 8 Am. Rep. 251; *Snyder v. Hannibal etc. R. Co.*, 60 Mo. 413; *Duff v. Alleghany R. Co.*, 91 Pa. St. 458, 36 Am. Rep. 675; and *Atchison etc. R. Co. v. Lindley*, 42 Kan. 714, 22 Pac. 703, 16 Am. St. 515, 6 L. R. A. 646.

Our decision in *Baird v. Northern Pac. R. Co.*, 78 Wash. 67, 138 Pac. 325, might seem to lend some support to respondent's contentions; but in that case an employee of the railway company, in accordance with a custom which was known to the company and assented to by it, was riding home upon the engine of a work train after working hours, when he was injured by the negligent operation of the engine. That decision goes no further than holding that, these facts appearing in the complaint, it stated a cause of action, and that proof of the alleged facts made the question of the authority of the operators of the engine in allowing him there one for the jury to decide.

The following authorities lend support to our conclusion: *Robinson v. McNeill*, 18 Wash. 163, 51 Pac. 355; *Foster-Herbert Cut Stone Co. v. Pugh*, 115 Tenn. 688, 91 S. W. 199, 112 Am. St. 881, 4 L. R. A. (N. S.) 804; *Daugherty v. Chicago, M. & St. P. R. Co.*, 137 Iowa 257, 114 N. W. 902, 126 Am. St. 282, 14 L. R. A. (N. S.) 590; *Clark v. Colorado & N. W. R. Co.*, 165 Fed. 408, 19 L. R. A. (N. S.) 988; *Dover v. Mayes Mfg. Co.*, 157 N. C. 324, 72 S. E. 1067, 46 L. R. A. (N. S.) 199; *Schulwitz v. Delta Lumber Co.*, 126 Mich. 559, 85 N. W. 1075; *Mahler v. Stott*, 129 Mich. 614, 89 N. W. 340; *Scott v. Peabody Coal Co.*, 153 Ill. App. 103; *Lygo v. Newbold*, 9 Wels. & Hurl. (Exch. Rep.) 302. The last cited

case seems to be exactly parallel to the one before us. The decision is well epitomized in the syllabus thereof, which reads:

"The plaintiff, a person of full age, contracted with the defendant to carry certain goods for her in his cart. The defendant sent his servant with his cart, and the plaintiff, by the permission of the servant, but without the defendant's authority, rode in the cart with her goods. On the way, the cart broke down, and the plaintiff was thrown out and severely injured:—Held, that, as the defendant had not contracted to carry the plaintiff, and as she had ridden in the cart without his authority, he was not liable for the personal injury she had sustained."

We see no escape from the conclusion that appellant cannot be held liable for the injuries received by respondent, and that it must be so decided as a matter of law.

We do not understand counsel for respondent to seriously contend here that appellant's driver was guilty of gross negligence or of wantonly causing respondent's injury. Indeed, we see no room for such contention in the light of the evidence. Besides, the trial court, in its instructions submitted the case to the jury upon the theory of appellant's being in no event liable to respondent except upon its failure to exercise ordinary care for his safety, and we do not find in the record any exceptions to these instructions, or request for instructions submitting to the jury the question of gross negligence or wanton action on the part of appellant's driver.

We find in the record no evidence worthy of consideration pointing to any custom of allowing persons other than appellant's employees to ride upon its transfer trucks. The only evidence which could have any bearing whatever upon this question was the testimony of one of appellant's drivers of one of its horse drawn trucks that he had allowed others to ride upon the seat with him. But even he testified that he never allowed any one to ride on the back part of his truck where goods were being carried. This, we think, is no evidence of custom available to respondent.

We conclude that the judgment must be reversed and the case dismissed. It is so ordered.

ELLIS, C. J., MOUNT, FULLERTON, and HOLCOMB, JJ., concur.