[No. 13867.  Department One.  July 25, 1917.]

MYRTLE McQUEEN, *Respondent*, v. PEOPLE'S STORE
COMPANY, *Appellant*.[1]

MASTER AND SERVANT—INJURY TO THIRD PERSON—SCOPE OF EM-
PLOYMENT. The driver of a delivery truck employed to make deliv-
eries of goods acts outside of the scope of his employment, where
he, for his own pleasure, invited girls to ride a short distance on the
running board of the car; and the employer is not liable for in-
juries sustained through the negligence of the driver.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered October 6, 1916, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained in an automobile accident.
Reversed.

*Bates, Peer & Peterson*, for appellant.

*Govnor Teats, Leo Teats,* and *Ralph Teats*, for respondent.

MORRIS, J.—The People's Store Company is a corporation
conducting a large department store at Tacoma, employing,
among others, William Buhre as a driver of one of its auto-
mobile trucks used in the delivery of merchandise to its cus-
tomers.  The duties of this driver are such as usually apper-
tain to a position of like character, requiring him to load the
truck at the store with goods and parcels and deliver them to
customers in different parts of the city.  He had as an as-
sistant a man named Larson, whose duty it was to go with him
and carry the parcels into the different homes.  On the day
of the accident, Myrtle McQueen and a girl friend, acquaint-
ances of Buhre and Larson, met them at Sixtieth and K
streets, and engaged them in conversation for a short time.
Sometime later, Buhre and Larson were at Fifty-sixth and O
streets, when the two young ladies again appeared and again
the parties engaged in conversation.  Miss McQueen noticed

[1]Reported in 166 Pac. 626.

her brother-in-law in front of his home a short distance from the place where the automobile was standing, and saying to Buhre, "There is my brother-in-law," she went around on the opposite side of the truck to conceal herself from her brother-in-law's view. The young ladies then sat down upon the running board of the car, a long step about twelve inches wide and about twelve inches from the ground, running lengthwise of the car. Upon Larson's return to the car from the delivery he had been making, Buhre said to the young ladies: "Sit still, girls, and I will drive across the street." The car was then driven across Fifty-sixth street and onto O street. Fifty-sixth street was paved. O street was not. As soon as the car left the pavement on Fifty-sixth street, plaintiff states, seeing she was in a dangerous situation, she called upon Buhre to stop the automobile. He either did not hear her or did not heed her, and after going a short distance, she either jumped or was thrown from the car, the automobile passing over one of her feet, causing the injuries complained of. Appellant made the usual motions looking to a dismissal of the action, and for directed verdict and judgment, all of which were denied, and a verdict returned for respondent in the sum of $666.

Appellant presents two questions. First, that, in inviting the respondent to remain upon the running board of the truck while he crossed the street and in conveying her to the place where the accident occurred, Buhre was not acting within the scope of his employment, thus exempting the appellant from liability for his act. Second, that respondent was guilty of contributory negligence. While no decisive test can be given for determining whether or not a given act is within the scope of a servant's employment, it is apparent from all the authorities that the act complained of must have been done while the servant was engaged in doing some act under authority from his master; not that, while engaged in the act, he is employed in the master's business; but the act must have been in the furtherance of the master's business and such

as may be fairly said to have been either expressly or impliedly authorized by the master. Wood, Master and Servant (2d ed.), § 307. When the servant is authorized to do the act, the master is liable for its performance. He cannot excuse himself because an authorized act was improperly or unlawfully performed. In other words, so long as the thing the servant is doing is in the furtherance of the master's business, the master must answer for the manner in which the act is done. These and similar statements of the law form the basis of our holdings in *Robinson v. McNeill,* 18 Wash. 163, 51 Pac. 355; *Jones v. Hoge,* 47 Wash. 663, 92 Pac. 433, 125 Am. St. 915, 14 L. R. A. (N. S.) 216; *Linck v. Matheson,* 63 Wash. 593, 116 Pac. 282; *Matsuda v. Hammond,* 77 Wash. 120, 137 Pac. 328, 51 L. R. A. (N. S.) 920; and *Bursch v. Greenough Brothers Co.,* 79 Wash. 109, 139 Pac. 870.

In the *Matsuda* case, it was sought to hold the employer liable for an assault committed by an employee during a controversy arising out of an attempt to collect for goods sold. Liability was denied upon the ground that, while the employment authorized the collection, it would not render the employer liable for the unlawful act of the employee in making the collection. In so holding, Fullerton, J., writing the opinion, rested it upon the principle that the act causing the injury must pertain to the duties which the servant was employed to perform and is being done as a means or for the purpose of doing the work assigned him by the master, citing appropriate authority.

If a servant, while committing an assault, was not acting within the scope of his employment, though authorized to make collection, the assault growing out of a controversy arising out of the attempted collection, then Buhre, in inviting these girls to ride upon the running board of the truck, was not acting within the scope of his employment, there being no question that he had no authority to invite or permit persons to ride with him while delivering merchandise for

appellant.  The latest expression from this court upon the application of the rule here involved is *Gruber v. Cater Transfer Co.*, 96 Wash. 544, 165 Pac. 491.  Gruber was injured though the alleged negligence of the driver of an automobile truck which had been furnished by the transfer company for the purpose of moving Gruber's household goods. At the invitation of the driver, Gruber got upon the truck and sat down upon a small trunk facing the rear, from which he was thrown or fell while the truck was passing over an uneven street crossing.  The case was disposed of upon the ground that the driver of the truck had no real or apparent authority to allow or permit Gruber to ride upon the truck; or, stated as a legal proposition, that the driver was not acting within the scope of his employment.  The *Matsuda* case and the *Gruber* case sustain appellant's first contention. In inviting the girls to ride upon the truck, Buhre was engaged in furthering his own pleasure and not in furthering his master's business.  His employment was to drive the truck. In inviting these girls to ride with him, he was neither doing it as a means nor for the purpose of performing that work. It had no connection with his work, either directly or indirectly.  In extending this invitation, Buhre was acting without any reference to the business in which he was employed.  It was an independent and private purpose of his own contributing to his pleasure but not to his service.  While so acting, he was his own master irrespective of the fact that the facilities afforded him to do his work were instrumental in inflicting the injuries complained of.  2 Cooley, Torts (3d ed.), p. 1031.  This conclusion renders it unnecessary to discuss appellant's second contention that respondent was guilty of contributory negligence.

The judgment is reversed and the cause remanded with instructions to dismiss the action.

ELLIS, C. J., MAIN, and CHADWICK, JJ., concur.