[No. 15305.   Department One. ˙ July 24, 1919.]

CHARLES FRISELL, *Appellant*, v. F. H. SURRY *et al.,*
*Respondents.*[i]

MASTER AND SERVANT (172-174-1) — INJURY TO THIRD PERSONS —
SCOPE OF EMPLOYMENT.   A special watchman, employed to protect
the property of patrons of an agency and night patrol system,
acted outside of the scope of his employment, as a matter of law,
when he left his beat and the property of his employers and
entered upon a chase not connected with his work, to aid a regular
police officer of the city, and shot and killed the person whom he
was attempting to apprehend; and his employers, being in no way
concerned in the affair, would not be liable for his act.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered September 23, 1918,
upon granting a nonsuit, dismissing an action for
wrongful death.   Affirmed.

*Robt. C. Saunders* and *Israel Nelson,* for appellant.
*Kerr & McCord, McClure & McClure, John F. Mur-*
*phy, Earl G. Rice,* and *E. L. Skeel,* for respondents.

TOLMAN, J.—This case was before this court on a
former appeal from a judgment of dismissal based
upon the plaintiff's opening statement to the jury.   99
Wash. 201, 169 Pac. 317.   That judgment having been
reversed, the case again proceeded to trial in the supe-
rior court, and at the close of plaintiff's evidence, the
case was withdrawn from the jury and a nonsuit
granted, upon the ground that the evidence submitted
was insufficient to justify a verdict against all or any
of the defendants then remaining in the case; from
which judgment of nonsuit, this appeal is prosecuted.

The complaint, in substance, charges that the re-
spondents were patrons of the F. H. Surry Agency
and Night Patrol System, which was engaged in the

[i]Reported in 182 Pac. 604.

business of furnishing uniformed patrolmen, or private watchmen, to protect the business places of its patrons; that one Gouley was the agent, servant, uniformed patrolman and so-called operative of the F. H. Surry Agency, and, through that agency, was the agent and servant of respondents; and while so employed as such agent and servant, and in the course of his employment as such uniformed watchman of the properties of respondents, the said Gouley did, on or about the 19th day of September, 1915, wrongfully, negligently, and carelessly shoot and kill Carl Theodore Frisell, the minor son of appellant, then of the age of seventeen years, to his damage, etc.

The evidence shows that, at the time in question, each of the respondents was a patron of the Surry Agency, under an oral contract substantially the same in each instance, and to the effect that the agency would furnish an operative who would cover a certain district or beat in the nighttime and on holidays, visiting the business place of each patron at stated intervals, trying the doors, turning off the lights, and performing all of the usual duties of a night watchman; that this operative would be commissioned as a special officer, with power to make arrests, the same as a police officer, but would not be supposed to do police duty other than such as would be necessary in protecting the property of the patrons; that the operative would be uniformed and armed, after the manner of a regular police officer. It further appeared that Gouley was so uniformed and armed and had a commission as special deputy sheriff, such as is issued to peace officers, and was covering a beat in the city of Seattle which extended from Pine street on the north to Union street on the south, and easterly to Sixth avenue. At about one o'clock on the night in question, Gouley was standing on Third avenue just south of Pine street, in the company of a regu-

lar police officer, when two young men approached and complained to them that a gang, referred to as the motorcycle gang, had assaulted and beaten them near Second avenue and Pine street. Gouley and the officer proceeded to Second avenue and Pine street, received information that the gang had gone to the vicinity of Fourth avenue and Pine street, and thereupon Gouley and the officer proceeded in different directions, meeting again at Fourth avenue and Pine street without finding the offenders. They were there joined by another officer, and at about that time a rider on a motorcycle was seen approaching. The rider failed to stop upon the order of the officer; and one of the officers flagged a passing automobile and he and Gouley, mounting upon the running-board upon either side of the car, gave chase to the fleeing rider; but after proceeding some distance, it became apparent that the rider was outstripping them, and the officer fired two or three shots into the air. This, however, failed to stop the rider, and the trail being lost, the automobile with Gouley and the officer returned toward the center of the city. Going westerly on Pine street near Eighth avenue, they saw two boys on a motorcycle facing east on Pine street; the officer, saying "there they are," jumped off the automobile, but Gouley remained on the car, continuing on Pine street to Sixth avenue, thence south to Pike street, and east on Pike street to Seventh avenue, where they turned north. At this point a motorcycle appeared in Seventh avenue a short distance north of Pike street, headed toward the south. Gouley jumped from the automobile, ordered the riders of the motorcycle to halt, but instead of obeying the order, the motorcycle was swung around in a circle and started north on Seventh avenue. Gouley then fired several shots, one of which killed appellant's son, who was the rear rider on the motorcycle.

It does not appear that the victim of this tragedy was guilty of any offense whatever, or that there was any justification for the shooting. But however unnecessary and lamentable the act, we can discover nothing in the evidence in any manner tending to show, or from which the jury might properly draw the inference, that it was committed by Gouley in the course of his employment to protect the property of respondents. At no time was there any complaint that any of the supposed offenders was committing or attempting to commit, any form of depredation upon the property of any of the patrons of Gouley's employer. And no such act appears to have been feared by Gouley, who deliberately stepped outside the scope of his employment, left his beat and the property of respondents without the protection which his presence and attention to duty were supposed to give, and entered upon a chase with the regular police officer of the city, in which his patrons were in nowise concerned, and which, as they were advised, he was supposed not to do. Clearly these facts, and all reasonable inferences which may be drawn therefrom, all point to one conclusion, and reasonable men cannot differ as to that conclusion. Hence there was no question to be submitted to the jury, and the court may here say, as a matter of law, that Gouley was not acting within the scope of his employment when he fired the fatal shot. So that, even though it should be held that the evidence justified the submission to the jury of the question as to whether or not respondents had such power or control over Gouley as to invoke the rule of *respondeat superior,* which may well be doubted, still the judgment of the trial court was right, because, as a matter of law, from the undisputed evidence, and all reasonable inferences to be drawn therefrom, Gouley was not acting within the scope of his employment.

We have no quarrel with the law laid down by the authorities cited by appellant. Yet the facts in this case, as we see them, render such authorities inapplicable. More nearly in point, and fully sustaining and illustrating our views as herein expressed, are the following: *Philadelphia, B. & W. R. Co. v. Stumpo,* 112 Md. 571, 77 Atl. 266; *Buman v. Michigan Cent. R. Co.,* 168 Mich. 651, 134 N. W. 972, Ann. Cas. 1913D 107; *Hidalgo v. Gulf, C. & S. F. R. Co.* (Tex. Civ. App.), 128 S. W. 683; *Holler v. Ross,* 68 N. J. L. 324, 53 Atl. 472, 96 Am. St. 546, 59 L. R. A. 943; *St. Louis, I. M. & S. R. Co. v. Sims,* 106 Ark. 109, 152 S. W. 985, 44 L. R. A. (N. S.) 1156; *Kehoe v. Marshall Field & Co.,* 141 Ill. App. 140.

The judgment appealed from is affirmed.

HOLCOMB, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.