[No. 11440. Department Two. April 8, 1914.]

FRANK BURSCH, *as Guardian etc., Appellant,* v. GREENOUGH BROTHERS COMPANY, *Respondent.*[1]

MASTER AND SERVANT—INJURIES TO THIRD PERSONS—SCOPE OF EMPLOYMENT. One M, employed by defendant as a driver of an auto truck, was not acting within the scope of his employment, as a matter of law, where it appears that, upon leaving the garage where defendant's trucks were stored, at 6:30 in the evening after hours, without permission or authority, he took one of defendant's trucks standing near the curb and drove it for his own pleasure, injuring the plaintiff; hence the defendant was not liable for the damages sustained.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 28, 1913, dismissing an action for personal injuries sustained by a boy struck by an automobile, notwithstanding the verdict of a jury rendered in favor of the plaintiff. Affirmed.

*Smith & Mack,* for appellant.

*Cannon, Ferris & Swan,* for respondent.

CROW, C. J.—Action by Percy Bursch, a minor, by Frank Bursch his guardian *ad litem,* against Greenough Brothers Company, a corporation, to recover damages for personal injuries. A verdict was returned in plaintiff's favor, whereupon the trial court sustained defendant's motion for a judgment *non obstante veredicto* and dismissed the action. The plaintiff has appealed.

[1]Reported in 139 Pac. 870.

The evidence shows that respondent owns and operates several automobile delivery trucks; that, on July 27, 1912, between six thirty and seven o'clock P. M., one Charles Meyers, while driving one of these trucks easterly on Third avenue, between Division and Pine streets, in the city of Spokane, struck the minor, Percy Bursch, who was playing in the street, inflicting the personal injuries of which appellant now complains; that, upon striking the boy, Meyers did not stop the machine, but immediately continued going east on Third avenue to Pine street, turned north thereon to Pacific avenue, turned west on Pacific avenue, and immediately returned to the Commercial Garage where respondent's automobiles are housed. It is conceded that the garage was neither owned nor operated by respondent, but that it was owned and operated by a private party, who for hire stored and repaired respondent's cars, receiving them from respondent's drivers each evening, and returning them to the drivers each morning. Appellant introduced certain evidence for the purpose of showing that Meyers was respondent's employee. Answering special interrogatories, the jury found that, at the time of the accident, Meyers was respondent's employee as a driver. The evidence upon which this finding was based was weak and without convincing force. For the purposes of this appeal, however, and without so deciding, we will assume that it was sufficient to sustain the finding of the jury that Meyers was respondent's employee, with authority to drive its automobile in the course of his regular employment.

This leaves but a single question. Was Meyers, at the time of the accident, acting within the scope of his employment? Appellant insists that this issue was for the jury, and was not a question of law for the court. There would be merit in this contention if the evidence upon the point involved was conflicting, but there is no competent evidence that Meyers was acting within the scope of his employment. On the contrary, the undisputed facts show that he was not.

Meyers' testimony is that, on the date of the accident, he was working in the Commercial Garage repairing a car which belonged to himself personally; that upon leaving the garage about six thirty on the evening in question, he saw respondent's truck standing near the street curb; that, without permission or authority, but for his own pleasure, he drove the machine easterly on Third avenue to the place where the accident occurred; that, after striking the boy, he made no stop, but turned the next corner, immediately returned to the garage and left the car where he had found it. This evidence, which is corroborated by other witnesses and by undisputed facts in the case, is not contradicted in any manner. The record conclusively shows that the accident happened after the respondent's regular business hours, and after its business had closed for the day. There is no evidence to show that, at the time of the accident, Meyers was making any deliveries for respondent, or that he had anything in the truck to deliver. On the contrary, it is shown by appellant's own witnesses who followed the machine on bicycles after it struck the boy, that Meyers turned the next corner, reversed his direction of travel, went directly to the garage, and left the machine standing at the curb. The entire record conclusively shows that Meyers took the machine for his personal recreation and pleasure; that he did so without respondent's knowledge or consent; and that he was not using it within the scope of his employment. Such being the case, the law is well settled that respondent was not liable. *Jones v. Hoge*, 47 Wash. 663, 92 Pac. 433, 125 Am. St. 915, 14 L. R. A. (N. S.) 216, and cases there cited.

The judgment is affirmed.

MOUNT, PARKER, FULLERTON, and MORRIS, JJ., concur.