ROSA GLASSMAN, Respondent, v. O. K. HARRY, Appellant.

**Kansas City Court of Appeals, July 6, 1914.**

1. **PRINCIPAL AND AGENT: Liability of Former for the Tortious Acts of the Latter: Scope of Agency.** Plaintiff's husband was killed by being run down by defendant's automobile driven by defendant's chauffeur. At the time of the accident, the chauffeur was using the car late at night, against his master's orders, and without his knowledge or consent, and upon a purely private enterprise of the chauffeur. *Held*, that the chauffeur, at the time of the killing, was not acting within the line or scope of his employment, and consequently the master was not liable.

2. **TRIAL PRACTICE: Prima Facie Case: Presumption of Fact.** Plaintiff proved that her husband was negligently killed by defendant's automobile and that the man in charge thereof was his chauffeur. This raised a presumption of fact that the chauffeur was acting at the time in his master's service, and made a prima-facie case. But defendant's evidence, without contradicting plaintiff's facts, showed that the chauffeur was not in the scope of his employment. Plaintiff's presumption of fact disappeared when affirmative evidence on that point was produced. A presumption of fact will not be permitted to contradict or overcome facts actually proved. Hence there was no issue of fact between the parties on the point involved and the finding of the jury is not binding.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

REVERSED.

*Cowherd, Ingram & Durham & Morse, G. W. Duvall* and *Clark & Houts* for appellant.

(1) Defendant was not liable unless the chauffeur Marsalis was acting in the line of his employment at the time of the accident. Dailey v. Maxwell, 152 Mo. App. 415; Long v. Nute, 123 Mo. App. 204; Evans v. Dike Automobile Company, 121 Mo. App. 266.    (2)

By the undisputed evidence the chauffeur was not acting within the sphere of his duty,'' he was not acting in defendant's behalf. Mockowik v. Railroad, 196 Mo. 550; Sowders v. Railroad, 127 Mo. App. 119; Daily v. Maxwell, 152 Mo. App. 427, 430; Cogan v. Railroad, 101 Mo. App. 190; Sharp v. Railroad, 161 Mo. 214; Tanner v. Railroad, 161 Mo. 497. (3) Plaintiff's instruction No. 1 was erroneous because it shifted the burden of proof from plaintiff to defendant. 16 Cyc. 926 and 932; Feurt v. Ambrose, 34 Mo. App. 360; Long v. Long, 44 Mo. App. 141; McCartney v. Insurance Co., 45 Mo. App. 378; Bunker v. Hibler, 49 Mo. App. 536; Marshall Livery Co. v. McKelvey, 55 Mo. App. 240; Knoche v. Whiteman, 86 Mo. App. 568; Cartlich v. Met. Street Railway, 129 Mo. App. 721; Berger v. Storage Co., 136 Mo. App. 36; Land Co. v. Davis, 147 Mo. App. 202; Link v. Jackson, 158 Mo. App. 63. (4) Plaintiff's instruction No. 2 was erroneous because it authorized the jury to presume a material fact to be true, when there was evidence tending to disprove that fact. Moberly v. Railroad, 98 Mo. 183; Rapp v. Railroad, 106 Mo. 424; Lynch v. Railroad, 112 Mo. 420; Schepers v. Railroad, 126 Mo. 665; Payne v. Railroad, 129 Mo. 405; Nixon v. Railroad, 141 Mo. 425, 439; Lee v. Knapp and Co., 55 Mo. App. 404; Haycraft v. Grigsby, 88 Mo. App. 352; Adams v. Machinery Co., 110 Mo. App. 367; Connelley v. Railroad, 133 Mo. App. 310, 315.

*John F. Cell* for respondent.

The court properly refused the peremptory instruction to find for the defendant at the conclusion of all the evidence in the case. Knapp v. Hanley, 108 Mo. App. 353; Wicker v. St. Louis Transit Co., 108 Mo. App. 645; Holden v. Railroad, 108 Mo. App. 665; McManis v. Railroad, 118 Mo. App. 152; Milliken v.

Thyson Com. Co., 202 Mo. 637; Ladd v. Williams, 104 Mo. App. 390; Cravens v. Hunter, 87 Mo. App. 456; Seehorn v. American National Bank, 148 Mo. 256.

TRIMBLE, J.—This is an action for damages by the widow of Isadore Glassman, deceased, for the negligent killing of her husband. Somewhere near 11 o'clock at night on October 14, 1910, he was struck and killed by defendant's automobile while the same was being driven by defendant's chauffeur along McGee street between Nineteenth and Twentieth streets.

The only issue in the case is whether the chauffeur was in the line of his employment or acting within the scope of his service to defendant at the time of the injury. Defendant demurred to the evidence, but this was overruled and the case submitted to the jury and a verdict of $3250 obtained, upon which judgment was rendered. From this defendant has appealed.

Plaintiff proved that she was Isadore Glassman's widow; that he was killed by being run over by an automobile; that the automobile was owned by defendant and that the chauffeur driving the automobile was in defendant's employ. There was no showing further than this; no facts presented from which it appeared or could be inferred that in making this particular trip the chauffeur was doing it in the service of defendant or for his or his family's benefit. Neither defendant nor any member of his family was in the automobile at the time. Only the chauffeur and a friend of his, another chauffeur, were in the car. So that nothing was shown affecting defendant's liability for what happened save that the car belonged to defendant and that the chauffeur was a man in defendant's employ.

Such a showing raises a presumption of fact that the chauffeur was acting in the line of his employment. [Long v. Nute, 123 Mo. App. 204, l. c. 209; Shamp v. Lambert, 142 Mo. App. 567, l. c. 574.] And if nothing

further is shown, such presumption served in the place of affirmative evidence that the chauffeur was in the line of his duty, and entitles the plaintiff to go to the jury and receive a verdict at their hands.

But in this case the presumption of fact that the chauffeur was at the time within the scope of his service and employment was displaced and set aside by evidence that he was not acting in the line of his employment. It was proved that the chauffeur had positive orders not to take the car out of the garage at night unless orders were given to him to do so; that the defendant refused to allow his car to go out at night; that when it was taken out by the chauffeur on this occasion, it was without the defendant's knowledge or consent. Moreover, the evidence showed that the automobile on the occasion in question was not taken out or used in the performance of any service or business of defendant's but purely on a matter of the chauffeur's own private concern. The automobile was kept at the International Garage and the chauffeur spent his time there, and whenever defendant or his wife would want the automobile they would telephone to the garage for it. On the night of the injury, between ten and eleven o'clock, a man appeared at the garage and inquired for some one to go out to the foot of Gillham hill and pull in a broken-down car. The chauffeur, thinking he would earn some money for himself, got into defendant's car in the garage and started out to the place in question, picking up his friend, another chauffeur, near the commencement of his trip. On his way to the broken-down car he ran over plaintiff's husband. During this time defendant was, and had been, at home sick in bed and being ministered unto by his wife and daughter, they constituting his entire family. He knew nothing whatever of the car being out or of the accident until the next day. No evidence was offered to contradict or raise an issue of fact as to the foregoing.

Defendant was not liable unless the chauffeur was acting in the line of his employment at the time of the accident. He must be engaged at the time in the business of his service. [Daily v. Maxwell, 152 Mo. App. 415, l. c. 426; Evans v. Dyke Automobile Co., 121 Mo. App. 266, l. c. 277; Long v. Nute, 123 Mo. App. 204, l. c. 208.] Clearly, therefore, the chauffeur was engaged purely in a private enterprise of his own wholly disconnected with any service he owed to defendant and was using the automobile in violation of the orders he had received from him. The defendant in such case is not liable.

But plaintiff contends that since she made out a prima-facie case, and as the jury are the judges of the facts, the court cannot say, as matter of law, that defendant's evidence *disproved* plaintiff's prima-facie case, and, the jury having found for plaintiff, we are compelled to let the verdict stand. If we were to be guided by our sympathies in the case and there were any basis upon which the verdict could be upheld we would uphold it without being compelled to do so.

The trouble with plaintiff's contention is that there is no conflict between what plaintiff has proved and what defendant has shown. If there was, then we would defer to the finding of the jury and would have to do so. But plaintiff's prima-facie case rested upon a presumption of fact which supplied the absence of affirmative proof on one point—whether the servant was in the line of his employment—but when affirmative evidence on that point appeared, the presumption of fact, being no more than a presumption, took flight and disappeared. And with it went plaintiff's prima-facie case. [Sowders v. Railroad, 127 Mo. App. 119, l. c. 124.] A presumption of fact will not be permitted to contradict or overcome facts actually proved. [Whittaker v. Morrison, 44 Am. Dec. 627; Morton v. Heidorn, 135 Mo. 608, l. c. 617.] Presumptions disappear in the sunshine of facts. [Mockowik v. Railroad,

196 Mo. 550, l. c. 571; Bragg v. Met. St. Ry. Co., 192 Mo. 331, l. c. 354.] If, after the testimony was all in, there were an issue of fact between the two parties, affirmed on one side and denied on the other, of course such issue of fact would be for the jury to determine. But there is no issue of fact involved. Plaintiff had no evidence upon a vital matter in her case. In its stead she offered a presumption of fact which served in lieu of evidence only so long as no evidence upon that subject was offered. But defendant, admitting and conceding all facts that plaintiff had proved, furnished ample and uncontradicted evidence upon that matter and the presumption, which lives only in the absence of testimony to the contrary, fell to the ground and plaintiff's case fell with it.

Of course, if there were inherent difficulties or improbabilities in the evidence offered on the point involved, or if reasonable men could draw different conclusions from that testimony, then the conclusion reached by the jury should prevail. But there is nothing of that kind in this case.

The judgment is reversed. All concur.