[No. 14420.   Department Two.   February 21, 1918.]

Frederick M. Babbitt, *by his Guardian etc.,*
*Respondent,* v. Seattle School District
No. 1, *Appellant.*[1]

Master and Servant—Injury to Third Person—Scope of Employment—Evidence—Sufficiency. A school district is not liable for injuries inflicted by an employee engaged to deliver parcels on a motorcycle, where he was using the machine after working hours, without permission and contrary to orders, for his own convenience to go to his home; and undisputed evidence to that effect overcomes the presumption of liability from proof of ownership of the machine.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 15, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a collision with a motorcycle.   Reversed.

*Henry W. Pennock* and *James R. Gates,* for appellant.

*Robert D. Hamlin* and *Trefethen & Findley,* for respondent.

Holcomb, J.—The respondent, a boy fourteen years of age, by his guardian *ad litem,* alleged and recovered damages for personal injuries sustained by him in a collision between himself and one Brown, an employee of appellant, while Brown was operating a motorcycle belonging to appellant. Appellant, by its answer, admitted ownership of the motorcycle, and alleged, by way of affirmative defense, that, at the time of the collision between Brown and respondent, Brown was not engaged in the business of appellant or performing any duties for appellant, but was using appellant's motorcycle for his own convenience and pleasure after work-

[1]Reported in 170 Pac. 1020.

ing hours and without the knowledge or consent of appellant, and that the collision was caused by respondent's contributory negligence.

At the conclusion of respondent's evidence, he had made a *prima facie* case, and it was then incumbent upon appellant, by competent evidence, to rebut the evidence and the presumption of fact raised by the admission of ownership of the motorcycle.

No exceptions were taken to the instructions of the court. At the close of all the evidence, appellant moved for a directed verdict, which was denied, and after verdict, moved for a judgment notwithstanding the verdict, which was also denied, and judgment was entered upon the verdict.

The facts as to the negligence of Brown, the motorcycle rider, and the contributory negligence of the respondent were in conflict, and were resolved by the jury in favor of respondent.

The uncontradicted facts in the case bearing upon the question of the liability of appellant under its affirmative answer are as follows: On November 1, 1916, and for some time prior thereto, appellant maintained a stock room in which it stored supplies for its schools. One Moseley was the stock keeper and in direct charge of the stock room. He employed two men, Hemming and Brown, to do the manual work in the stock room. The duty of Brown was to deliver parcels on a motorcycle to different school buildings in the city, and the duty of Hemming was to check in and out all supplies and fill orders. Brown was hired by the day, and his hours were from eight in the morning until five at night. There was a rule of the school board in force in the stock department that no motor vehicle should be used for any other purpose than school district purposes, with which rule Brown was familiar at the time of the accident. It was Brown's duty to close

the shop and quit work at five o'clock in the afternoon each day. At five o'clock on the day of the accident, after his day's work was completed, Brown locked up the shop and started to go home on the motorcycle. He asked no permission of any one to so use the motorcycle, and received none. As stated by the father and guardian *ad litem* in testimony for the respondent, immediately after the accident Brown stated to the father that he took the motorcycle to save car fare for himself. The collision occurred between five and ten minutes after five o'clock in the afternoon. At the time of the accident, Brown carried no packages for the school district. He was using the motorcycle for his own convenience.

None of this evidence was in any way contradicted by any evidence on behalf of respondent. Respondent contended in oral argument, however, that the jury was not bound by the testimony of the officers of appellant or of Brown, and that they were interested witnesses. While the officers of the school district were interested witnesses in the ordinary acceptation, Brown was not. While he was an employee of the appellant, he was not a party to the suit and was in no way interested in the outcome. He was not impeached as to character, and his testimony was not impeached nor attacked as to credibility.

The owner of a motor vehicle who was not present at the infliction of the injury cannot be held liable, except it be shown that the person in charge was not only agent of the owner, but was, at the time, engaged in the business of his master.

While authority to use a motor vehicle in exceptional ways might be implied by circumstances which would warrant the inference that the employer knew of such uses, the commitment of such a vehicle to the custody and control of an employee for the special pur-

pose of delivering merchandise would not alone author-ize the conclusion that the employee was at liberty to use the motor vehicle for other purposes. *Gordon v. Texas & Pacific Mercantile & Mfg. Co.* (Tex. Civ. App.), 190 S. W. 748.

It is well settled by all authorities that the act com-plained of must have been done while the servant was engaged in doing some act under authority from his master; not that, while engaged in the act, he is em-ployed in the master's business, but the act must have been in the furtherance of the master's business and such as may be fairly said to have been so expressly or impliedly authorized by the master. Wood, Master & Servant (2d ed.) 307; *McQueen v. People's Store Co.*, 97 Wash. 387, 166 Pac. 626; *Jones v. Hoge,* 47 Wash. 663, 92 Pac. 433, 125 Am. St. 915, 14 L. R. A. (N. S.) 216.

By the uncontradicted evidence, Brown had ceased his day's work, and was not in the employ or under the control of appellant until he resumed work the next day at eight o'clock. He was not, then, in the service of appellant at the time of the accident. *Bursch v. Greenough Brothers Co.,* 79 Wash. 109, 139 Pac. 870; *Peterson v. Seattle Traction Co.,* 23 Wash. 615, 63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586; *Baird v. Northern Pac. R. Co.,* 78 Wash. 67, 138 Pac. 325.

Respondent relies largely upon the cases of *Kneff v. Sanford,* 63 Wash. 503, 115 Pac. 1040, and *Burger v. Taxicab Motor Co.,* 66 Wash. 676, 120 Pac. 519. Those cases involved disputed questions of fact which were properly submitted to the jury. This case does not.

The presumption growing out of a *prima facie* case, established by proof of the injury, and the ownership of the motorcycle, and the use thereof by an employee of the owner of the motorcycle, subsisted only so long

as there was no substantial evidence to the contrary. When that was offered, the presumption disappeared, unless met by further proof.   Here the presumption arising from the fact of ownership was entirely destroyed by the other evidence.   *Glassman v. Harry*, 182 Mo. App. 304, 170 S. W. 403; *Potts v. Pardee*, 220 N. Y. 431, 116 N. E. 78; *Gordon v. Texas & Pacific Mercantile & Mfg. Co., supra; Gruber v. Cater Transfer Co.*, 96 Wash. 544, 165 Pac. 491.

Upon the undisputed and competent evidence as to the motorcycle being in Brown's possession at the time of the accident without authority, and of his not being at the time acting in the scope of his employment in any capacity, reasonable minds could not differ, and there was no evidence, or inference from evidence, upon which the jury was justified in holding appellant liable.

The judgment is reversed, and the cause dismissed.

ELLIS, C. J., MOUNT, and CHADWICK, JJ., concur.

MORRIS, J., concurs in the result.