[No. 14459. Department Two. April 4, 1918.]

F. A. MORRIS, *Respondent,* v. HATTIE R. RAYMOND, *Appellant,* HATTIE R. RAYMOND *et al., Defendants.*[1]

MASTER AND SERVANT—INJURY TO THIRD PERSON—SCOPE OF EMPLOYMENT. The owner of an automobile is not liable for injuries sustained through the negligence of her employee while driving the car for his own pleasure after working hours.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 23, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in an automobile collision. Reversed.

*Wm. H. Pratt* and *Chas. Bedford,* for appellant.

*John Burton Keener,* for respondent.

MOUNT, J.—Action for personal injuries. The plaintiff was injured on the night of October 23, 1916, in the city of Tacoma, by reason of a collision between a

-Reported in 171 Pac. 1006.

taxicab in which she was riding and a Ford automobile driven by the defendant W. B. Raymond. She brought this action against Hattie R. Raymond, Alice M. Raymond and W. B. Raymond, doing business under the firm name of Raymond Company, and alleged that W. B. Raymond was driving the automobile owned by the Raymond Company, in a reckless, careless and negligent manner, and ran into the taxicab in which plaintiff was riding, throwing her violently to the pavement and injuring her. The defendants, for answer to the complaint, denied generally all the allegations thereof, and alleged that the cause of the accident was the careless and negligent driving of the taxicab in which the plaintiff was riding. Upon a trial of these issues, the facts appeared as follows: Hattie R. Raymond is the mother of Alice M. Raymond and W. B. Raymond. These two children, at the time, were past the age of majority. Mrs. Raymond was conducting a scavenger business in the city of Tacoma. Her son, W. B. Raymond, was employed as manager at a salary, and her daughter, Alice M. Raymond, was bookkeeper. Mrs. Raymond inherited the business from her husband, who died about three years before the time of the accident. On the night of October 23, 1916, W. B. Raymond took the automobile, which belonged to his mother, and which in the daytime was used in the business in which she was engaged, and drove the car to Commerce street. The car stood there for about three hours. At about eleven o'clock, Mr. Raymond undertook to start the car, and he could not start it by cranking it. Some friends who were with him helped him push the car to a hill on Eleventh street. They started the car down the hill and all jumped onto the car when it moved down Eleventh street to Pacific avenue. About the time the car reached Pacific avenue the engine started, and Mr. Raymond then turned the

car upon the crossing of Eleventh street and Pacific
avenue, intending to go back up the hill to his home.
While crossing the street, the taxicab in which the
plaintiff was riding came down the street at about
twenty miles per hour. The cars collided at the north-
west corner of those streets. The plaintiff was in-
jured. At the close of the evidence, which showed
these facts, each of the defendants moved for a di-
rected verdict. The court granted this motion as to
the defendant Alice M. Raymond, but denied it as to
Hattie R. Raymond and W. B. Raymond. The jury
returned a verdict of $1,000 against Hattie R. Ray-
mond and her son W. B. Raymond. Hattie R. Ray-
mond has appealed from that judgment. W. B. Ray-
mond has not appealed.

The principal contention of the appellant is that the
court erred in refusing to direct a verdict in favor of
the appellant. We think it is clear that this motion
should have been sustained, and the jury directed as
requested by the appellant.

There is no evidence of a partnership existing be-
tween the defendants except the mere fact that the
business was conducted as the Raymond Co. It is not
disputed in the record that Mrs. Raymond inherited
this business from her husband and was conducting
it as the sole proprietor. Her son W. B. Raymond was
an employee, managing the business at a salary. Her
daughter was bookkeeper. It was conclusively shown
without dispute that W. B. Raymond, on the night in
question, was using the automobile, which belonged to
his mother, for his own pleasure and not in connection
with business of his mother. If there was a partner-
ship, it is clear that the other partners would not be
liable under the circumstances shown. In the case of
*Hamilton v. Vioue,* 90 Wash. 618, 156 Pac. 853, L. R. A.
1916E 1300, in considering this question, we said:

"Even though it should be held that the Hamilton brothers were partners in the ownership of the car (losing sight, for the moment, of the general rule that ownership of property does not of itself create a partnership), no liability will follow to C. T. Hamilton, as the record fails to show that the car, at the time in question, was operated on behalf of, or within the reasonable scope of, any partnership business. W. W. Hamilton was, at the time of the accident, using the automobile for his own personal pleasure and that of his companions. Under such circumstances, there is no rule of law that will fasten liability against C. T. Hamilton." [Citing a number of cases.]

The same is true in this case. There was no attempt on the part of the respondent to show that, at the time of the accident, W. B. Raymond was using the car in connection with his mother's business. The evidence conclusively shows without any dispute whatever that he was using the car for his own pleasure that night, and for no other purpose. In the case of *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165, in concluding that case, we said:

"But where upon the defense it is shown conclusively and without any substantial dispute that the automobile was not being used at the time of the injury in the defendant's employment or upon his business, and was being used by some other person on business of his own and without any reference to the business of the owner, it becomes the duty of the court to direct the judgment under Rem. & Bal. Code, § 340."

See, also, *Jones v. Hoge,* 47 Wash. 663, 92 Pac. 433, 125 Am. St. 915, 14 L. R. A. (N. S.) 216; *Bursch v. Greenough Bros. Co.,* 79 Wash. 109, 139 Pac. 870.

It is clear, therefore, that the appellant Hattie R. Raymond is not liable, either as a partner or as the owner of the automobile. Her son W. B. Raymond, who took the automobile and who was using it for his

own pleasure, is the only person liable for his negligence. He has not appealed.

The judgment of the trial court is therefore reversed, and the case ordered dismissed as to the appellant Hattie R. Raymond.

ELLIS, C. J., HOLCOMB, and CHADWICK, JJ., concur.