[No. 14769.　Department One.　August 1, 1918.]

W. J. WARREN, *Respondent*, v. MARTIN NORGUARD *et al.*, *Appellants*.[1]

MASTER AND SERVANT—RELATION — PERSONAL INJURIES — AUTOMO-BILES—LIABILITY TO THIRD PERSONS. The owners of an automobile are not liable for personal injuries to a pedestrian, struck when the car was driven by a son who had taken it for his own pleasure without permission and who was not a member of the family, and was not in any sense the agent or servant of his parents; and it is immaterial that, in the course of his rounds, he had picked up and was conveying a minor brother who was a member of the family.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 13, 1917, upon findings in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile, after a trial on the merits to the court. Reversed.

*Jno. W. Arctander,* for appellants.

*George F. Hannan* and *C. A. Brinkley,* for respondent.

[1]Reported in 174 Pac. 7.

FULLERTON, J.—The respondent, Warren, while upon one of the streets of the city of Seattle, was injured by being struck by an automobile owned by the appellants Norguard, but which, at the time, was driven by one of their sons with whom another son was riding. This action is to recover for the injuries suffered. It was tried to the court sitting without a jury. The court found, among others, the following facts:

"(2) That on, to wit, the 3d day of May, 1916, the children of said defendants, Omar Norguard and Martin Norguard, Jr., acting as the agents and servants of said defendants, were driving an automobile belonging to said defendants, west on Olive street in the city of Seattle, King county, Washington . . .

"(5) That the automobile which struck the plaintiff . . . was purchased by the defendants Martin Norguard and Alma J. Norguard, both for business purposes and for use of themselves and their children for pleasure purposes, and at the time of the injury to plaintiff it was being driven by said children with the consent and permission of said defendants for the purpose for which it was purchased and used."

On the findings, the court held the appellants liable for the injury, and entered a judgment against them in the sum of $578.

The facts, as we gather from the record, are in substance these: The appellants were engaged in the business of cleaning and pressing clothes, and purchased the automobile in question for both business and pleasure purposes. Their family consisted of three sons, one of whom was a young man twenty-five years of age, and the other two were minors. The minor sons were a part of the appellant's family and lived at the family residence. The elder son was engaged in his own pursuits, not having lived at the family home for more than six years. At the time of the accident, he was in service on a steamer engaged in the coastwise trade,

and had his clothes and all of his paraphernalia on board the boat, which was then his home in so far as he had a home. On the day of the accident, he had just returned from a cruise, and, going to the family home, found the family absent. The car was in the garage, and he took it and drove it for a while around the streets, when, meeting one of his brothers, he took him in the car and started to drive back to the family residence. On the way back, he ran against the respondent with the car, causing the injury which gave rise to this action. It was shown that this son had registered under the conscription act, giving his parents' home as his place of residence, and had directed that his mail pertaining thereto be sent to that address; that he sometimes when in port stayed at the home over night, and at other times visited there, perhaps eating a meal in the house, but as often slept either aboard the boat or at some hotel in the city. No part of his earnings were applied to the uses of the appellants but they were used wholly for his own benefit. Other circumstances were also shown, such as that he had, at his father's request, taken out the licenses for the automobile, and had been licensed by the city of Seattle to drive the particular machine. While it was said by the appellants that this son had never been given permission to drive the machine and that they did not know he had the city license, we think it inferable that he had never been denied the privilege, and that he himself felt that he was privileged to do so when the car was not in use for family purposes.

It is our opinion that this evidence, giving it the most favorable interpretation, does not justify the findings or judgment of the trial court. As we said in *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50 L. R. A. (N. S.) 59, a parent is not liable for the torts of his child, even when driving an

automobile belonging to the parent, solely on the ground of relationship, but the liability, if any exists, must rest in the relation of agency or service. It may be that the relation of agency or service will be conclusively presumed where the automobile is purchased for the use of a family all residing together in the common home, or where an adult child, not a part of the immediate family, drives it at the request of the parent, or on some business pertaining to the affairs of the parent; but the facts in the instant case do not meet either of these conditions. There was here no relationship of agency or service. The automobile was not being driven on any business or for the pleasure of the appellants or their family. The most that is shown is that the adult son was driving the car for his own pleasure with his parents' consent. But this does not create liability on the part of his parents for his tortious acts while so doing. Not being a member of his parents' family, he stood with relation to his parents as any stranger would stand, and it is not the rule that the owner of an automobile who consents that another may drive it for that other's pleasure becomes liable for that other's tortious acts committed while so driving it. In other words, the son was not in this instance the agent or servant of his parents, and no such relation existed between them that agency or service can be presumed.

The trial court found, it is true, that the automobile was, at the time of the accident, driven by the "children" of the appellants, basing the finding no doubt upon the fact that the son taking the car from the garage had in the course of his rounds picked up his younger brother and was driving him to his parents' home. But we cannot think the finding justified by this fact. Manifestly, if no relation of agency and service arose between the adult son and his parents from the

original taking of the automobile, that agency would not be created because he took into the car before his return a member of the appellants' family. What the relation would have been had it been shown that the taking in of the brother was at the request of the parents we need not consider, as the record does not present the question.

The judgment is reversed, and the cause remanded with instructions to enter a judgment for the defendants below.

MAIN, C. J., TOLMAN, MITCHELL, and PARKER, JJ., concur.