[No. 15199.   Department Two.   February 24, 1919.]

Swen Olsen et al., Appellants, v. Fred Veness et al., Respondents.[1]

Master and Servant (172)—Injury to Third Person—Scope of Employment—Transfer of Motor and Driver. Where a truck, with a driver in the employ of the owner, was hired by the day to a contractor, who had full control of its operation, the driver is the servant of the hirer, and the owner would not be liable to a third person injured by the driver's negligence.

Trial (56)—Taking Case From Jury—Nonsuit. Where there are no disputed facts for the jury, it is a matter of law for the court, on motion for nonsuit.

· Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered December 10, 1918, upon granting a nonsuit, dismissing an action in tort. Affirmed.

C. A. Studebaker and H. E. Donohoe, for appellants.

Hayden, Langhorne & Metzger, for respondents.

Holcomb, J.—One Clark, a logging contractor, hired of the defendants, Veness and Shives, an auto truck, pursuant to the following agreement:

"The contract was drawn for either twenty-five or thirty dollars a day. I don't recall which it is for certain. They were to furnish the driver and truck, and he (Clark) was to furnish oil and gas and any repairs, breakage, to keep the truck in repair and driver's time—the truck's time was to be with the driver's time; if he worked more than eight hours, why the truck was to be more than eight hours; that price was to be an eight-hour price and over that the truck was to draw the same ratio."

This agreement, it is alleged, was made in writing, but subsequently lost, and the foregoing is the oral

[1]Reported in 178 Pac. 822.

testimony of the witness Clark as to its contents. While so engaged for Clark, Smith, the driver, collided with a buggy occupied by the appellants, with consequent more or less severe injury to one of them, and considerable damages to the vehicle. The action for damages which ensued was laid against Veness and Shives, as the owners of the hired truck. At the conclusion of the plaintiffs' case, the court sustained the defendants' motion for a nonsuit. This appeal is taken from such action by the trial court.

All the material facts in the case are undisputed; the ownership of the truck by Veness and Shives; their employment of the driver, Smith; the contract of hire to Clark, and the injury, occasioned by what may fairly be conceded to be the tortious carelessness or almost wantonness of Smith, to the appellants Olsen; the pivotal question of the case being, Was Smith the servant of Clark or of Veness and Shives, for the purposes of this action?

The only and uncontradicted facts before the court touching the character of Smith's employment by Clark were as follows: On the morning of June 28, 1918, this truck, driven by Smith, who previous to that time had been working for the respondents, started to work for Clark. From the time it left its owners, the truck was operating on Clark's time, and was so operating at the time of the accident. Clark hired the truck so that he could control and operate it as his business demanded, paying for both truck and driver at the contract price per day.

Appellants contend that this was an employment somewhat analogous to that of one hiring a vehicle for a given trip, as a carriage or taxicab, and that Smith was, in fact and law, the servant at all times of respondents. They attach considerable weight to the

fact that respondents alone hired Smith, and insisted upon his being hired with the truck, and, presumably, they alone could discharge him. The question of the right of discharge in such cases is but incidental. If Clark had been dissatisfied with Smith's services he could have effected his discharge or removal by complaint to the respondents, or by terminating the hiring of both truck and driver; the fact of the discharge would originate with the dissatisfied hirer, though the actual words might alone come from the original employer of the servant.

To our minds, the question of control of operation is the determining factor in this case. The respondents, in the course of business, had transferred the vehicle and driver to the control of the hirer, who alone could say where and in what the work of the truck should thereafter consist, and if this effected a transfer of control it must, *ipso facto,* have effected a transfer of responsibility. If such be the fact, we feel that respondents' contention, that the hirer stood, in relation to the law of this case, as if he had purchased the truck and hired the driver, must logically follow. There being no disputed facts to go to the jury, the trial court did not err in so deciding as a matter of law. *Babbitt v. Seattle School District,* 100 Wash. 392, 170 Pac. 1020.

The judgment must be, and is, affirmed.

CHADWICK, C. J., PARKER, and MOUNT, JJ., concur.