[No. 17543.   Department Two.   March 1, 1923.]

ERCOLE VERNARELLI, *Respondent*, v. J. F. SWEIKERT
*et al., Appellants*, G. H. OSBORNE, *Defendant*.

CHARLES GREGORIS, *Respondent*, v. J. F. SWEIKERT *et al.,
Appellants*, G. H. OSBORNE, *Defendant*.[1]

MASTER AND SERVANT (172, 182)—INJURY TO THIRD PERSONS—
SCOPE OF EMPLOYMENT—EVIDENCE—SUFFICIENCY. It cannot be said
as a matter of law that a salesman of automobiles employed by de-
fendant was acting outside the scope of his employment which was
admitted, although he testified that he was taking his wife out for
a little fresh air and recreation, where he usually used a car for
demonstration purposes, he frequently solicited orders in that terri-
tory, and was driving his employer's car during his working hours.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered May 9, 1922, upon
the verdict of a jury rendered in favor of the plaintiffs,
in consolidated actions for personal injuries sustained
in an automobile collision.   Affirmed.

*Wright, Kelleher, Allen & Hilen*, for appellants.

*Rummens & Griffin*, for respondents.

PEMBERTON, J.—This is an appeal in two consoli-
dated cases from a judgment in favor of plaintiffs,
entered upon the verdicts of a jury awarding damages
against appellants and one G. H. Osborne.   On Sep-
tember 28, 1921, the defendant Osborne, driving an
automobile on a public highway in King county, care-
lessly and negligently came into collision with another
automobile in which respondents were riding, over-
turning the same, resulting in serious injury to re-
spondents.   Appellants, sued as copartners jointly in-
terested in the operation of a garage at Auburn, Wash-
ington, and doing business under the name and style

[1]Reported in 213 Pac. 482.

of Auburn Garage, denied the charge of negligence and pleaded contributory negligence.

The, defendant Osborne was a salesman for appellants and generally used a car for demonstration purposes furnished by appellants. On the day in question, this car was in for repairs and Osborne was using another car which bore the appellants' license plate, dealer 525. He had no regular hours of employment. His business was to sell automobiles upon commission, appellants furnishing car, gasoline and equipment. His territory included that between Auburn and Franklin. The accident occurred near Black Diamond, in Osborne's territory. He had been in Enumclaw in the morning, and in the afternoon started for Franklin. It was on the return that the accident occurred. He had sold a car in Franklin, near Black Diamond, and had prospects in that territory and in Franklin.

The only question on this appeal is whether or not the defendant Osborne, at the time of the accident, was in the employment of appellants. It appears that Osborne testified in the case that, upon his return in the morning, he discovered that his wife was ill and decided to take her out for a little fresh air and recreation that afternoon; that he did not see or call on any prospects and did not have that purpose in mind. One of the witnesses, Marshall, a copartner of appellants, testified that he had given orders to Osborne not to go to Black Diamond because there was a strike on at that place. He further testified that it was the rule that the cars had to be reported out and reported in. But the testimony shows that Osborne did not always comply with the rule in that regard. Osborne testified that he had frequently solicited orders in this same territory and that he was selling cars wherever he could sell them. He was asked:

"Q. If anybody had offered to buy a car that day you would have stepped down for it? A. Yes. Q. That is what you are always looking for? A. That is the way I get my bread and butter. Q. That is what you were doing at that time? A. Yes, sir."

It is the theory of appellants that mere ownership of an automobile and the employment of a servant to drive it is not enough to charge the master for the servant's negligence unless, at the time of the injury, the servant is engaged in the master's business; and when the uncontradicted testimony of the defendant and his agent shows that the agent was acting outside of the scope of his authority at the time of the accident, driving the car for his own pleasure, the court should direct a verdict for defendant, relying on the following cases: *Ludberg v. Barghoorn*, 73 Wash. 476, 131 Pac. 1165; *Bursch v. Greenough Bros. Co.*, 79 Wash. 109, 139 Pac. 870; *Babbitt v. Seattle School Dist. No. 1*, 100 Wash. 392, 170 Pac. 1020; *Morris v. Raymond*, 101 Wash. 34, 171 Pac. 1006; *Warren v. Norguard*, 103 Wash. 284, 174 Pac. 7; *Savage v. Donovan*, 118 Wash. 692, 204 Pac. 805.

In the case of *Ludberg v. Barghoorn, supra,* the court said:

"The fact that the automobile was admitted to belong to the defendant, and that the driver of the automobile was in the employ of the defendant, was sufficient to put the defendant upon proof that the automobile was not used in his business or for his employment, has been held in a number of cases. . . .

"But where upon the defense it is shown conclusively and without any substantial dispute that the automobile was not being used at the time of the injury in the defendant's employment or upon his business, and was being used by some other person on business of his own and without any reference to the business of the owner, it becomes the duty of the court to direct the judgment under Rem. & Bal. Code, § 340."

In that case the agent of the defendant secured permission to take the automobile of defendant to secure a doctor for a member of the agent's family. The car was not being used in any sense in the interest of the defendant, and this fact was shown by evidence other than that given by defendant and his agent.

Our attention is specially called to the following quotation taken from the case of *Babbitt v. Seattle School Dist. No. 1, supra:*

"The presumption growing out of a *prima facie* case, established by proof of the injury, and the ownership of the motorcycle, and the use thereof by an employee of the owner of the motorcycle, subsisted only so long as there was no substantial evidence to the contrary. When that was offered, the presumption disappeared, unless met by further proof."

The *Babbitt* case is one where a boy was using the motorcycle and the court found, as a matter of law, that he was not, at the time of the accident, engaged in the business of his master. He was using the motorcycle outside of the hours of his employment and was not at the time performing services for the school district.

In the case of *Bursch v. Greenough Bros. Co., supra,* the testimony of the defendants and the agent in support of the contention that the truck was being used outside of the scope of the agent's employment was supported by other witnesses than that of the defendants and the agent, the court making the following statement:

"This evidence, which is corroborated by other witnesses and by undisputed facts in the case, is not contradicted in any manner."

In the case of *Morris v. Raymond, supra,* it was shown that the driver of the car was using the same

for his own pleasure and not in connection with the business of his mother, the owner of the car; that it was being used at night outside of his hours of employment, and the court said that these facts were conclusively shown without dispute.

In the case of *Savage v. Donovan, supra,* a friend of the family was using the car, and instead of taking it to the garage as directed, used it for his own purposes. In this case the court found that it was shown conclusively and without any substantial dispute that the automobile was not being used at the time of the injury in the defendant's employment, and was being used by some other person on business of his own without reference to the business of the owner. There was no showing in this case that the driver was in the employ of the defendant at any time.

When, as in this case, it is admitted that the automobile belonged to the defendant, and its driver was in the employ of the defendant, and the accident occurred within the hours of his employment, the court cannot, as a matter of law, say that the agent was acting outside of the scope of his authority or employment, upon the testimony of the defendant, the owner of the car, and of the agent alone. This is a question for the jury to pass upon, and since the defendant and his agent are interested witnesses, the jury was not bound to believe their testimony unless it was corroborated by other facts and circumstances in the case or other competent testimony.

In the case of *Mitchell v. Churches,* 119 Wash. 547, 206 Pac. 6, we said:

"We have consistently held, . . . . as in *Purdy v. Sherman, supra,* and *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648, that, where nothing but the testimony of interested witnesses as to the ownership of

the car and the agency of the driver at the time of the
injury was presented to the jury, the jury was not
bound to believe such testimony.''

In the case of *Moore v. Roddie, supra,* we said:

''The weight and credibility of the testimony of in-
terested witnesses is also for the jury, who may disre-
gard the same. The jury were not bound to believe
the testimony in this respect.''

In the case of *Purdy v. Sherman,* 74 Wash. 309, 133
Pac. 440, we said:

''The evidence offered by defendant might have sus-
tained a verdict in his favor, but under repeated de-
cisions of this court the jury was not bound to believe
such testimony.''

In the case of *Kneff v. Sanford,* 63 Wash. 503, 115
Pac. 1040, the court said:

''This evidence, coming from appellant and Boldman
(driver), both of whom were interested witnesses, we
think did not call for an instructed verdict in favor
of appellant. The question presented, in its last
analysis, is one of fact, and therefore cannot be deter-
mined by us in appellant's favor as a matter of law.
(Citing cases)

''It is true that Boldman is not interested in the
case as a party, but his friendly business relations
with appellant we think were such as to bring him
within the rule which requires us to leave to the jury
the question of the weight to be given his testimony,
because of such interest.''

In a criminal case, where the defendant had the bur-
den of proof after a *prima facie* case had been estab-
lished, we held:

''It was for the jury to say whether the testimony
on the part of appellant was true, so as to overcome
the *prima facie* case. It must be assumed that the jury
took into consideration the demeanor and manner of
the witness and all the circumstances under which he

testified, and it was their privilege to believe or disbelieve the testimony offered in defense to the charge." *State v. Conner,* 107 Wash. 571, 182 Pac. 602.

See, also, *State v. Gray,* 98 Wash. 279, 167 Pac. 951.

This fact having been properly submitted to the jury and the jury having found against appellant, the judgment must be affirmed.

MAIN, C. J., FULLERTON, and TOLMAN, JJ., concur.