[No. 20034.  Department Two.  December 17, 1926.]

MADELINE H. FELDTMAN, *Appellant,* v. HARRY RUSSAK
*et al., Respondents.*[1]

[1] MASTER AND SERVANT (174, 182)—INJURY TO THIRD PERSONS—
SCOPE OF EMPLOYMENT—EVIDENCE.  An employee of the defendant
was not acting within the scope of his employment in driving
an automobile at the time of the accident, and the presumption
to that effect is overcome, where it appears without dispute from
the evidence of disinterested witnesses, that his duties were
those of a clerk, performed exclusively inside the defendant's
yard and shop, that it never was his duty to drive any car for
the defendants; that he took defendant's car on a private errand
without permission or knowledge of the defendants, intending
to return it before closing hours, but the shop being closed on
his return, he decided to drive home, and injured the plaintiff
while doing so.

Appeal from a judgment of the superior court for
King county, Douglas, J., entered October 13, 1925,
upon a verdict rendered in favor of the defendants by
direction of the court, in an action in tort.  Affirmed.

*Adam Beeler,* for appellant.

*Bausman, Oldham & Eggerman,* for respondents.

MACKINTOSH, J.—The appellant was seriously in-
jured, at about six o'clock, on November 21, 1924, by
being struck by a touring car owned by the respond-
ents, and at the time being driven by one of their em-
ployes named Gordon.  At the close of the case, the re-
spondents' motion for a directed verdict was granted,
and from the judgment thereon this appeal is taken.

[1]  The only question is, whether Gordon was act-
ing within the scope of his employment in driving the
automobile at the time of the accident.  The testimony,
as it relates to this question, is that Gordon was em-

[1]Reported in 251 Pac. 572.

ployed by the respondents, who were partners in buy-
ing and wrecking second-hand automobiles. His duties
were those of a clerk and stock man and were per-
formed exclusively inside the yard and shop in taking
care of and checking material. His hours of employ-
ment were from eight in the morning until five in the
evening. The automobile which Gordon was driving
at the time of appellant's injury was used only by the
respondent Russak. There is no testimony that any-
one else had ever driven this car until the time that
Gordon drove it on this evening.

On November 21, Russak was out of town on bus-
iness, and left his car in the alleyway back of respond-
ents' place of business. At about 4:30 o'clock, Gordon
had occasion to visit a doctor's office to have an in-
fected finger attended to, and, noticing the car stand-
ing in the alley and knowing that Russak was away
from town, took the car for the purpose of calling on
the doctor. This errand having been performed, he
returned to the respondents' place of business, on the
return trip making some purchases for himself. The
return was somewhere around 5:30 P. M., and it was
Gordon's intention to leave the car at the respondents'
shop; but upon his return, he found that the shop and
yard were both locked up, and having no key, he de-
cided to drive the car home and keep it there for the
night. He did not proceed directly home, but stopped
at the place of business of one Sidell, where, for ap-
proximately half an hour, he discussed a trip that he
was planning to take to California for pleasure. After
leaving Sidell's place of business, and on his way home,
the accident occurred.

Several witnesses testified, and their testimony is
undisputed, that Gordon had never received any per-
mission to drive any automobile belonging to respond-

ents and that it never was his duty to drive any car on any of respondents' business. This testimony, tending to establish the fact that the automobile, at six o'clock in the evening, was being driven by Gordon without the knowledge or permission of respondents and for his own purposes, came from Gordon himself; from the respondents; from another employe of the respondents, named Keiser; from one Daggett, who was in no way connected with the respondents' business, but who testified as to the time of the accident, saying that it was after the hours of Gordon's employment; from one Bower, who at the time of the accident was foreman of the respondents' shop, but, at the time that he testified, was a disinterested witness, not at that time an employe of the respondents, but being engaged on his own account in a competing business. Another witness was Sidell, the manager of another firm and in no way connected with the respondents, though engaged in the same general line of business, who testified that he knew Gordon's duties, that he did not use an automobile of respondents in coming to or going from his work, that he had never seen Gordon drive respondents' automobile before, and that Gordon had visited with him for half an hour before the accident on a matter purely personal to Gordon himself. To dispute all this evidence, the appellant offered nothing.

The general rule, of course, is that the burden at all times was upon appellant to prove that the act complained of was done while the employe was engaged in doing some act under authority from his master and in furtherance of the master's business. A *prima facie* case that the automobile was in the use of the owner is made when it is shown that the car belonged

to the respondents and that the driver was an employe. But this *prima facie* case rests upon a presumption that only exists until the respondents have made a *prima facie* defense. The burden of proof remains all the time where it originally was. If the presumption in favor of appellant has been overcome by showing that the automobile was not being used at the time on the respondents' business, but on the business of the driver, then the appellant must meet this with evidence, and the original presumption is not sufficient to carry the case to the jury. In order for the respondents, however, to establish their *prima facie* case of lack of responsibility to such an extent that the court can take the matter away from the jury, this court has said that respondents must establish the state of facts for which they contend by the testimony of disinterested witnesses; that where the testimony that the employe was not at the time engaged in the employer's business comes only from the employe and the employer, such testimony is not sufficient to take the case from the jury, but that there remains a question for the jury to decide, it being permitted to disregard the testimony of such interested witnesses and to find the fact to be that the employe was at the time on the employer's business. But wherever it has appeared that the testimony of interested witnesses has been corroborated and the testimony has not been refuted, then, as a matter of law, the court has decided that the presumption in favor of the appellant has been overcome, and that a directed verdict in favor of the employer should be made.

In this case, not only did the employe and the employer testify that, at the time of the accident, Gordon was engaged in business of his own, but, as has been stated, this was corroborated by three or four other

witnesses, who were not interested; and the case falls in that line where we have heretofore held that the person injured has failed to carry the burden of proof that was upon him and has failed to establish the responsibility of the superior. A verdict in favor of the appellant could not be sustained for lack of supporting substantial proof.

"A presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining the matter in issue. A presumption will serve as and in the place of evidence in favor of one party or the other until *prima facie* evidence has been adduced by the opposite party; but the presumption should never be placed in the scale to be weighed as evidence. The presumption, when the opposite party has produced *prima facie* evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent's *prima facie* evidence with evidence and not presumptions. A presumption is not evidence of a fact, but purely a conclusion. *Elliott Ev.,* §§ 91, 92, 93; *Wigmore Ev.,* §§ 2490, 2491.''

The following cases support this conclusion: *Jones v. Hoge,* 47 Wash. 663, 92 Pac. 433; *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165; *Bursch v. Greenough Brothers Co.,* 79 Wash. 109, 139 Pac. 870; *Hamilton v. Vioue,* 90 Wash. 618, 156 Pac. 853; *Babbitt v. Seattle School District No. 1,* 100 Wash. 392, 170 Pac. 1020; *Morris v. Raymond,* 101 Wash. 34, 171 Pac. 1006; *Warren v. Norguard,* 103 Wash. 284, 174 Pac. 7; *Singer v. Metz Co.,* 107 Wash. 562, 182 Pac. 614, 186 Pac. 327; *Savage v. Donovan,* 118 Wash. 692, 204 Pac. 805; *Anning v. Rothschild & Co.,* 130 Wash. 232, 226 Pac. 1013.

While the following cases where the jury was allowed to pass upon the question, which cases are relied

on by the appellant, are ones in which there was no disinterested testimony corroborating the statements of the employe and employer, and where the court held that, on that account, the jury had a right to determine the question in whose interest the offending instrumentality was being used at the time of the accident: *Knust v. Bullock,* 59 Wash. 141, 109 Pac. 329; *Kneff v. Sanford,* 63 Wash. 503, 115 Pac. 1040; *Burger v. Taxicab Motor Co.,* 66 Wash. 676, 120 Pac. 519; *Purdy v. Sherman,* 74 Wash. 309, 133 Pac. 440; *Maskell v. Alexander,* 91 Wash. 363, 157 Pac. 872; *George v. Carstens Packing Co.,* 91 Wash. 637, 158 Pac. 529; *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648; *Samuels v. Hiawatha Holstein Dairy Co.,* 115 Wash. 343, 197 Pac. 24; *Vernarelli v. Sweikert,* 123 Wash. 694, 213 Pac. 482; *Griffin v. Smith,* 132 Wash. 624, 232 Pac. 929.

The trial court was correct in entering its judgment, and it is affirmed.

TOLMAN, C. J., ASKREN, BRIDGES, and PARKER, JJ., concur.