[No. 21144. Department Two. September 24, 1928.]

H. C. KLUDAS, *Respondent*, v. INLAND-AMERICAN PRINTING COMPANY *et al., Appellants.*[1]

*James P. Dillard* and *Fred B. Morrill,* for appellants.

*Powell & Herman, W. W. Zent,* and *Chas. E. Swan,* for respondent.

MAIN, J.—The plaintiff brought this action to recover damages for personal injuries. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of five hundred dollars. Motion for judgment notwithstanding the verdict and for a new trial being made and overruled, judgment was entered upon the verdict, from which the defendants appeal.

[1]Reported in 270 Pac. 429.

The facts are these: The accident out of which the litigation arose happened at about ten o'clock a. m., December 19, 1925, at the intersection of Division street and Main avenue, in the city of Spokane. Division street extends north and south and Main avenue east and west. There are double street car tracks upon both streets. The west rail of the west track on Division street is approximately twenty feet from the curb on that side of the street.

The respondent was proceeding west on the sidewalk on the north side of Main avenue, and was crossing the intersection of that street with Division street when he was struck by a Ford automobile owned by the appellant Sanders Shanks and driven by him at the time. The respondent had proceeded across the intersection to almost the west rail of the west street car track and paused to allow two automobiles which were approaching from the north to pass in front of him. At the time these passed, he looked to the right and saw Shanks' automobile fifty or sixty feet away. After the other two cars had passed, he started across and was struck by Shanks' automobile. He says that, as it came upon him, he jumped to get out of the way but was not able to do so. Shanks, at the time and for some time prior thereto, was employed by the other appellant, the Inland-American Printing Company, as delivery man. In this employment Shanks was to use his automobile. A different version of the manner of the happening of the accident is given by Shanks, but this need not here be detailed.

The first question is whether there was evidence to take the case to the jury on the question of Shanks' negligence, and of this there can be no doubt. If the accident happened as the respondent says it did, the jury clearly had a right to find that Shanks was guilty of negligence in striking the respondent with

the automobile. If the facts are as testified to by Shanks,.it may be that there was no negligence. There is nothing in the evidence from which it can be said, as a matter of law, that the respondent was guilty of contributory negligence. Whether Shanks was liable was for the jury to determine.

The other question is whether the Inland-American Printing Company, the employer, is liable for Shanks' negligence. On this question, the evidence shows that Shanks was at the time, and for some time prior thereto had been, employed, as stated, as delivery man for the Inland-American Printing Company. In this employment he was to use the automobile owned by him. For the day on which the accident happened, he was paid for full time. He testified that, at the time the accident happened, he was not in the course of the employment, but that he had been to a certain store in the city to do certain Christmas shopping and was returning to the plant of his employer when the accident happened. There was with him at the time a boy employed by the same company who had taken proof to the store for approval and was returning to the plant. An officer or employee of the company, who was Shanks' immediate superior, testified that Shanks had requested permission to go to the store for shopping that morning and he had given such permission. Both Shanks and the other witness were interested in the result of the controversy. Even though they both testified directly that Shanks was not at the time in the course of his employment, this would not be sufficient to justify the taking of the case from the jury, when it appeared that Shanks was an employee, was paid full time for the day and the automobile, while not owned by the company, was in its service by contract. In *Vernarelli v. Sweikert*, 123 Wash. 694, 213 Pac. 482, it is said:

"When, as in this case, it is admitted that the automobile belonged to the defendant, and its driver was in the employ of the defendant, and the accident occurred within the hours of his employment, the court cannot, as a matter of law, say that the agent was acting outside of the scope of his authority or employment, upon the testimony of the defendant, the owner of the car, and of the agent alone. This is a question for the jury to pass upon, and since the defendant and his agent are interested witnesses, the jury was not bound to believe their testimony unless it was corroborated by other facts and circumstances in the case or other competent testimony."

It is true that in that case the automobile was owned by the employer, but this fact does not make the observations there made inapplicable to the one now before us, since in this case the automobile, while not owned by the company, was in its service by contract.

The judgment will be affirmed.

FULLERTON, C. J., HOLCOMB, ASKREN, and BEALS, JJ., concur.